AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:19-cv-01848

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* <u>KEATON LANGSTON</u> on *(date)* <u>May 15, 2020.</u>

[X] I served the subpoena by delivering a copy to the named individual as follows: <u>Authorized service to BARB LONG, Paralegal on Fri, May 15 2020</u>; or

[ ] I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: 05/18/2020

*Server's signature*

Vicki Mullins

*Printed name and title*

Veritext-OH
1100 Superior Ave Ste 1820
Cleveland, OH 44114
216.592.9625

*Server's address*

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| US Medical Networks, LLC<br>*Plaintiff*<br>v.<br>BioFire Diagnostics, LLC, et al.<br>*Defendant* | Civil Action No. 3:19-cv-01848 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Keaton Langston
100 S. Main St., Boonville, MS 38829-3311

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The documents requested in Attachment A to Subpoena.

| Place: Davis Frye c/o Butler Snow<br>1200 Jefferson Ave., Suite 205, Oxford, MS 38655 | Date and Time:<br>06/18/2020 6:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/15/2020

*CLERK OF COURT*

OR

_____          /s/ Robert W. Kantner
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BioFire Diagnostics, LLC , who issues or requests this subpoena, are:

Robert W. Kantner, 2727 N. Harwood St., Dallas TX 75201, rwkantner@jonesday.com, 214-969-3737

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 3:19-cv-01848-E-BK   Document 86   Filed 05/19/20   Page 3 of 11   PageID 3402

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **US MEDICAL NETWORKS, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **BIOFIRE DIAGNOSTICS, LLC,** | § | Civil Action No. 3:19-cv-01848-E |
| **XPRESSMED URGENT CARE OF** | § | |
| **CROWLEY, LLC, AND CHECK POINT** | § | |
| **URGENT CARE, LLC,** | § | |
| | § | |
| *Defendants.* | § | |

## ATTACHMENT A TO SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, BioFire Diagnostics, LLC ("BioFire") hereby requests that Keaton Langston produce for inspection and copying all documents responsive to the individual requests for production set forth below (collectively, the "Requests").

## DEFINITIONS

1.  "BioFire" means BioFire Diagnostics, LLC and any and all of fits members, managers, directors, officers, agents, attorneys, employees, and any other persons acting or purporting to act on its behalf with whom You have dealt.

2.  "USMN" means US Medical Networks, LLC, plaintiff in this action, and any and all of its members, managers, directors, officers, agents, attorneys, employees, and other persons acting or purporting to act on its behalf whom You know or with whom You have dealt.

3. "USMC" means US Medical Clinics, LLC, and any and all of its members, managers, directors, officers, agents, attorneys, employees, and other persons acting or purporting to act on its behalf whom You know or with whom You have dealt.

4. "You" or "Your" means Keaton Langston and all of Your attorneys, agents, representatives, employees, servants, affiliates, partners, and any other persons or entities acting or purporting to act on Your behalf.

5. "Verify Health" means Sonoran Desert Pathology Associates, LLC d/b/a Verify Health or any other business entity d/b/a as Verify Health with which You have dealt and all of any such entity's members, managers, directors, officers, employees, agents and representatives and any other persons or entities acting or purporting to act on its behalf whom You know and/or whom You have dealt with.

6. "Sante Ventures" means Sante Capital Management, LP or any of its affiliates d/b/a as Sante Ventures, and all of their general and limited partners, members, managers, directors, officers, agents, attorneys and employees and all other persons acting or purporting to act on their behalf whom You know or with whom You have dealt.

7. "Sonoran" means "Sonoran Desert Pathology Associates, LLC and all of its members, managers, directors, officers, agents, attorneys and employees and all other persons acting or purporting to act on its behalf whom You know or with whom you have dealt.

8. "Communication" means every manner of transmitting or receiving facts, information, opinions, ideas, inquiries or thoughts from any person or persons to any other person or persons, by or through any mode or medium, including, but not limited to, the spoken word, written or electronic correspondence, electronic mail (e-mail), instant messaging, notes, SMS or text messaging, tweets, telephone, facsimile, face-to-face meetings, through third persons, via

electronic recordings, voice recordings, via exchanges on social media, and/or documents made solely for the purpose of recording a communication, idea, statement, opinion or belief.

9. The terms "Documents" or "Document" are used in their broadest sense and include, but are not limited to, all types of documents and tangible things that are discoverable under the Federal Rules of Civil Procedure, regardless of their form, including any handwritten, typewritten, printed, recorded, transcribed, punched, taped, photocopied, photostatic, telecopied, filmed, microfilmed, or otherwise prepared matter, including without limitation drafts, however produced or reproduced, and further including without limitation any correspondence, memoranda, reports, articles, papers, books, research, accounts, drawings, graphs, charts photographs, phono-records, plans, blueprints, telexes, telegrams, electronic or videotaped or mechanical recordings, magnetic impulses, e-mails, CDs, DVDs, floppy disks, X-rays, and any other data or data compilation from which information can be obtained or translated into reasonably usable form. The term also includes but is not limited to data or information that exists in electronic or magnetic form.

10. "Ancillary Services" means any service USMC and/or USMN purportedly provided to healthcare providers or healthcare facilities including (i) billing support services, (ii) utilization management and stewardship services, (iii) information technology and electronic medical records ("EMR") integration services, (iv) training services, and/or (v) laboratory supply and logistics management.

11. "BioFire® FilmArray® Instrument" means any of the BioFire® FilmArray® Torch, BioFire® FilmArray® 2.0, and BioFire® FilmArray® EZ Configuration.

12. "BioFire® FilmArray® Panel" means the BioFire® FilmArray® Respiratory Panel, the BioFire® FilmArray® Respiratory Panel EZ, the BioFire® FilmArray® Respiratory

Panel 2, the BioFire® FilmArray® Blood Culture Identification Panel, the BioFire® FilmArray® Gastrointestinal Panel, the BioFire® FilmArray® Meningitis/Encephalitis Panel, and the BioFire® FilmArray® Pneumonia Panel.

13. "BioFire® FilmArray® Product" means any BioFire® FilmArray® Instrument and/or any BioFire® FilmArray® Panel.

14. "Relating to" means constituting, comprising, describing, explaining, summarizing, mentioning, referring to or in any way concerning, directly or indirectly.

15. "Check Point" means Defendant Check Point Urgent Care, LLC and any and all of its members, directors, officers, employees, managers, agents and attorneys.

16. "XpressMed" means Defendant XpressMed Urgent Care of Crowley, LLC and any and all of its members, directors, officers, employees, managers, agents and attorneys.

17. "BioFire Software" shall mean any software, firmware, object code, or source code, and any utilities or libraries related to the same.

## INSTRUCTIONS

1. These Requests require You to furnish any and all documents and materials that are in Your possession, custody or control. A document is to be deemed in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person and You (a) own such document in whole or in part; (b) have a right, by contract, statute or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when You sought to do so.

2.  If You object to any Document Request or part thereof, You must produce all documents to which Your objection does not apply.

3.  With respect to any claim of privilege or immunity regarding any documents sought by any Request, You are to prepare and serve a privilege log as required by the Federal Rules of Civil Procedure and the rules of this forum.

4.  In the event that more than one copy of a document exists, You shall produce the original and each non-identical copy of each document.

5.  Your written response to the Requests shall state, with respect to each category of items, that inspection and other requested actions will be permitted as requested, except to the extent that You object in writing to particular items or categories. Your written responses and/or objections shall be served on counsel for BioFire.

6.  Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a document is a responsive document in its own right and must be produced.

7.  The Documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the particular request. All spreadsheets should be produced in their native format and in the order that they were stored in the ordinary course of business. The file name should match the Bates number assigned to the file.

## DOCUMENT REQUESTS

**Document Request No. 1**

All Communications between You and Terry McBride, Jarrod Pettit, or anyone else at USMN or USMC Relating to any of the following topics:

(a) BioFire;

(b) Any BioFire® FilmArray® Products;

(c) USMN;

(d) USMC;

(e) Any actual or proposed agreements between USMC or USMN and BioFire;

(f) The possible placement of BioFire® FilmArray® Products at or sale of BioFire® FilmArray® Products to hospitals, point-of-care healthcare providers and other healthcare facilities by Verify Health or Sonoran or any other entity with which You had/have a relationship of some kind;

(g) Any possible Master Services Agreement between USMC or USMN and You, Verify Health, Sonoran or any other entity with which You had/have a relationship of some kind;

(h) Any possible investment in USMN – directly or indirectly – by Sante Ventures or investors working with Sante Ventures;

(i) Any due diligence regarding USMN performed by You, Verify Health, Sante Ventures or Sonoran or by persons who conducted said due diligence on behalf of Yourself, Verify Health, Sante Ventures or Sonoran; and/or

(j) Any decision not to enter into a Master Service Agreement, not to invest in USMN and not to otherwise do business with USMN by You, Verify Health, Sante Ventures or Sonoran.

**Document Request No. 2**

All Communications between You and Dan Hurt, Verify Health, Sante Ventures or Sonoran Relating to any of the topics (a) – (j) in Document Request No. 1.

**Document Request No. 3**

All Documents that You understood were sent to You and all Documents that You created in connection with any of the Topics (a) – (j) in Document Request No. 1.

**Document Request No. 4**

All presentation slides and/or pitch decks Relating to USMN or BioFire.

**Document Request No. 5**

All Communications and Documents Relating to the actual or proposed marketing, placement, and sale of any BioFire® FilmArray® Product by You, Verify Health or Sonoran.

**Document Request No. 6**

All Communications and Documents constituting or Relating to Your actual or prospective investment(s) of funds in (i) USMC and/or USMN, (ii) Sante Ventures, (iii) Verify Health and/or (iv) Sonoran for the purpose of marketing and/or selling BioFire® FilmArray® Products.

**Document Request No. 7**

All Documents reflecting any due diligence, research, and investigation that You, Verify Health, Sante Ventures or Sonoran performed regarding USMN, USMC, and/or BioFire.

**Document Request No. 8**

All Communications between You, Dan Hurt, Verify Health, Sante Ventures or Sonoran and any hospital, point-of-care healthcare provider and/or other healthcare facility Relating to USMN, USMC, BioFire, and/or BioFire® FilmArray® Product(s), including but not limited to the marketing, placement or sale of any BioFire® FilmArray® Product.

**Document Request No. 9**

All Documents constituting and all Communications Relating to any agreement between You and USMC, USMN, Jarrod Pettit, Terry McBride, and/or any other member, owner, or partner in USMC and/or USMN.

**Document Request No. 10**

All Communications Relating to USMC's and/or USMN's Ancillary Services.

**Document Request No. 11**

All Communications and Documents Relating to BioFire's solutions that BioFire provides in conjunction with BioFire® FilmArray® Products, including, but not limited to, any BioFire Software, BioFire® FilmArray® Link, reimbursement and market access support, Syndromic Trends, and antibiotic usage stewardship.

**Document Request No. 12**

All Communications and Documents Relating to USMC's and/or USMN's marketing strategies and/or marketing materials, including, but not limited to, (i) the use of call centers; (ii) the use of Salesforce software, (iii) tracking call center metrics, (iv) the development of selling techniques; (v) the development of training materials, (vi) the use of any apex marketing strategy, *i.e.*, formulating and leveraging relationships with executive-level individuals or healthcare provider groups that owned or control numerous clinics; (vii) the provision of ancillary products such as nasal swabs and collection kits to potential or actual customers; (viii) the use of short term contracts; (ix) the tracking of customers usage of BioFire® FilmArray® Panels, and/or (x) the use of "no upfront cost" programs.