# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **US MEDICAL NETWORKS LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civ. Action No. 3:19-cv-01848-N** |
| | § | |
| **BIOFIRE DIAGNOSTICS LLC,** | § | |
| | § | |
| *Defendant.* | § | |

---

## APPENDIX IN SUPPORT OF PLAINTIFF US MEDICAL NETWORKS LLC'S MOTION FOR SANCTIONS

---

| Exhibit | Description | APP |
|:---:|---|:---:|
| 1 | Declaration of Terry McBride | 4-10 |
| 2 | Declaration of Julie Pettit | 11-59 |
| 3 | Declaration of Michael Hurst | 60-107 |
| 4 | 11/17/20 Email from Charfoos | 108-112 |
| 5 | Biofire_0012416 | 113-114 |
| 6 | Declaration of Rochelle Glassman | 115-122 |
| 7 | Biofire_0059214-15 | 123-124 |

Respectfully submitted,


*/s/ Julie Pettit*
Julie Pettit
State Bar No. 24065971
JPettit@PettitFirm.com
**THE PETTIT LAW FIRM**
2101 Cedar Springs, Suite 1540
Dallas, Texas 75201
Telephone: (214) 329-0151
Facsimile: (214) 329-4076

Michael K. Hurst
State Bar No. 10316310
mhurst@lynnllp.com
Sara Hollan Chelette
State Bar No. 24046091
schelette@lynnllp.com
Yaman Desai
Texas Bar No. 24101695
ydesai@lynnllp.com
**LYNN PINKER HURST
& SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

**ATTORNEYS FOR PLAINTIFF
US MEDICAL NETWORKS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this document was served on the following *via ECF* pursuant to the Federal Rules of Civil Procedure on January 13, 2021:

Robert W. Kantner
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
rwkantner@jonesday.com
ATTORNEYS FOR DEFENDANT
BIOFIRE DIAGNOSTICS, LLC

Kirsten E. Moran
JONES DAY
77 West Wacker
Chicago, Illinois 60601
kmoran@jonesday.com
ATTORNEYS FOR DEFENDANT
BIOFIRE DIAGNOSTICS, LLC

Aaron D. Charfoos
Adam Reich
PAUL HASTINGS
71 S. Wacker Dr.
44th Floor
Chicago, IL 60606
(312) 499-6016
aaroncharfoos@paulhastings.com
adamreich@paulhastings.com
ATTORNEYS FOR DEFENDANT
BIOFIRE DIAGNOSTICS, LLC

*/s/ Julie Pettit*
Julie Pettit

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **US MEDICAL NETWORKS LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civ. Action No. 3:19-cv-01848-N** |
| | § | |
| **BIOFIRE DIAGNOSTICS LLC** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

_____

## DECLARATION OF TERRY MCBRIDE

STATE OF TEXAS

COUNTY OF DALLAS

Terry McBride declares as follows:

      1.      My name is Terry McBride. I am over the age of eighteen and am competent in all respects to make this declaration. My date of birth is 5/29/69. I am able to swear, and I hereby do swear, that all of the facts stated in this declaration are true and correct and within my personal knowledge.

      2.      On or about October 27, 2020, Mr. Caldwell began a series of communications to me trying to get me to talk to him about a business deal. The texts exchanged between me and Mr. Caldwell are attached as **Exhibit A**. From the very outset, Mr. Caldwell told me in text that if I told him to "drop dead," he "would understand."

      3.      Mr. Caldwell left me a number of voicemails during this same time period, all of which have been produced to BioFire during this litigation. In the voicemails, Mr. Caldwell says

things like: "*I have been thinking about you guys for a long time […] I think you guys are an answer for me. […] I really trust you. I always have. I would like to find a way to work with you guys.*"

4.      After Mr. Caldwell's repeated voicemails and texts to me, I finally agreed to talk to him.  We had approximately four phone calls during late October and early November in 2020. During those calls, he told me the following:

a.   Mr. Caldwell repeatedly apologized for how BioFire treated USMN. He told me he was sorry for how things ended, and that he understood if I would never consider doing business with him again because of how BioFire treated USMN.

b.   Mr. Caldwell told me that BioFire treated him unfairly as well. Mr. Caldwell told me that BioFire fired him without warning.  He told me he had intended to sue BioFire, but that BioFire agreed to pay him $50,000.  Mr. Caldwell told me that he wanted to fight BioFire, but that he could not afford attorneys and that BioFire told him they would litigate the case heavily if he did try to sue.

c.   Mr. Caldwell told me he wanted to do business with me at a new company he was working with. Mr. Caldwell told me he had never worked with a group as good as USMN.  He repeatedly told me that USMN was the best sales team he had ever seen. Also, he said USMN was the "one true group that I trust." Mr. Caldwell offered to come to Dallas to sit down with me and do a deal. Mr. Caldwell told me that at his new company, he was in control of the sales team, and so he could personally ensure that what BioFire did to USMN would not ever happen again at his new company.

d.  Mr. Caldwell also volunteered information to me about his deposition in the USMN case where he had previously testified on behalf of BioFire. Mr. Caldwell volunteered to me that he spent several days in Chicago with lawyers telling him exactly what to do in his deposition. I understood Mr. Caldwell to be telling me that his lawyers had told him what to say during his deposition and that there was more to the story that he was not able to testify about.

5.  During that same time, Mr. Caldwell also sent me a cryptic text about McKesson, a company that has been frequently mentioned in our litigation with BioFire. Mr. Caldwell said, "*Think about replacing McKesson and distribution in your case.*" (See Exhibit A). I am not sure exactly what that means, but again, I interpreted Mr. Caldwell's texts to be telling me that there is more to the BioFire story than what he had been allowed to testify about.

6.  During late October, 2020, I asked Mr. Caldwell if I could give his contact information to my lawyers so that he could tell them what he had told me and so that Mr. Caldwell could discuss the USMN and BioFire relationship with them. Mr. Caldwell said I could give his contact information to my lawyers and that they could contact him directly.

7.  On at least one phone call, Mr. Caldwell and I discussed the fact that USMN would like a declaration from Mr. Caldwell regarding the relationship with BioFire. Mr. Caldwell told me that he would sign a declaration.

FURTHER DECLARANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this _____ 21st _____ day of December, 2020.

Terry McBride

**DECLARATION OF TERRY MCBRIDE**

# Exhibit A



USMN0215290









USMN0215291

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **US MEDICAL NETWORKS LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civ. Action No. 3:19-cv-01848-N** |
| | § | |
| **BIOFIRE DIAGNOSTICS LLC** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

---

## DECLARATION OF JULIE PETTIT

STATE OF TEXAS

COUNTY OF DALLAS

Julie Pettit declares as follows:

1.      My name is Julie Pettit. I am over the age of eighteen and am competent in all respects to make this declaration. My date of birth is January 18, 1985. I am able to swear, and I hereby do swear, that all of the facts stated in this declaration are true and correct and within my personal knowledge.

2.      On October 29, 2020, I learned from Terry McBride that Curt Caldwell was communicating with Mr. McBride about a business deal Mr. Caldwell was proposing to Mr. McBride. I came to understand that Mr. Caldwell was willing to talk with the lawyers for USMN about BioFire, and Mr. McBride shared the phone number for Mr. Caldwell with Michael Hurst and myself.

**PAGE 1 OF 6**                                          **DECLARATION OF JULIE PETTIT**

3.      In total, Mr. Hurst and I had two phone calls with Mr. Caldwell.  The first phone call took place on November 3, 2020 from 4:01 PM to 4:35 PM CST. During that phone call, the following occurred (from both memory and my review of contemporaneous notes):

    a.  At the outset, Mr. Caldwell confirmed that there were no agreements preventing him from speaking to us.

    b.  We asked Mr. Caldwell a series of questions, including questions about McKesson, the relationship between BioFire and UMSN, and whether he was told to lie or hide the truth during his deposition.

    c.  Mr. Hurst instructed Mr. Caldwell not to discuss privileged communications. Mr. Caldwell told us simply that, in anticipation of his initial deposition in this case, his outside counsel told him to tell the truth and instructed him not to speculate. During the call, Mr. Caldwell did not discuss any communications with BioFire's outside counsel or in-house counsel, (including Meredith Krannich), except the instruction above he said he was given without attribution.

    d.  At no point in the call did Mr. Caldwell indicate that he was revealing privileged information. At no time did I think we were in any way receiving information that was protected by privilege.

    e.  Mr. Caldwell told us about his new job at Med Waters Systems.

    f.  Mr. Caldwell told us he was at a conference in Las Vegas.

    g.  Mr. Caldwell then said he would answer some questions for us based on the relationship between USMN and BioFire.

    h.  I took detailed notes during the call.  After the call, I sent the notes to my co-counsel and to our client representatives. My contemporaneous notes and the email

**PAGE 2 OF 6**                                                    **DECLARATION OF JULIE PETTIT**

communication with our clients are attached as **Exhibit A**. I am attaching this exhibit to this declaration to underscore BioFire's counsel's ambivalence to what truly happened during the conversations with Mr. Caldwell, but I am reserving all rights in regard to these communications.

      i.    During this first call, Mr. Caldwell said he was willing to sign a declaration about the things we discussed on the phone. I told him I would draft a declaration based on what he told me over the phone and that we would then call him back to go over the declaration.  He agreed.

4.      Following the first phone call, I drafted a declaration based on my contemporaneous notes and the items I recalled from the phone call.

5.      On November 5, 2020, Mr. Hurst and I called Mr. Caldwell back to discuss the declaration drafted based what he told us on our prior phone call. Over the phone, I read the draft declaration to Mr. Caldwell—line by line.  I explained to him that we wanted to make sure the declaration was correct and that it was in his words. I stopped after every sentence to confirm the statement and to see if he had anything to add to any adjustments to make.  I made several changes and adjustments during the call based on Mr. Caldwell's comments. During this phone call, Mr. Hurst had another meeting or phone call, so when we were about halfway finished going through the draft declaration, Mr. Hurst had to drop off the phone call. It was then just me and Mr. Caldwell on the line.  We continued going over the declaration, word by word, until we finished the declaration.

6.      At the end of the phone call on November 5, 2020, Mr. Caldwell confirmed to me that everything included in the declaration was true and accurate.  He told me he would sign the declaration. He said he was at a conference at a hotel in Las Vegas but that he was going to go to

**PAGE 3 OF 6**                                   **DECLARATION OF JULIE PETTIT**

the business center to get the declaration signed that same day. On that call, he gave me his personal email address: curt@medwatersystems.com.

7.    *By the end of the call, Mr. Caldwell had confirmed to me that every single statement included in the draft declaration was accurate and was in his own words.* After the call, I sent him an email, attached as **Exhibit B** that included the declaration we had just finished revising together. According to Mr. Caldwell, every word and every sentence in the draft declaration was true.

8.    BioFire subsequently filed a Motion for Sanctions containing a false declaration from Mr. Caldwell.

9.    After BioFire filed the Motion for Sanctions without conferring with us, in the attached email string, Mr. Hurst requested a call with Aaron Charfoos and Robert Kantner, lead counsel for BioFire. Myself, Mr. Hurst, Mr. Charfoos, Mr. Kantner and I had a call on December 15, 2020, whereby Mr. Hurst once again explained to counsel that if they had conferred with us prior to the filing of BioFire's Motion for Sanctions, they would have heard the truth about the communications to and from Mr. Caldwell and, if the truth mattered to them, they would presumably have not filed the motion for sanctions. During the call, Mr. Hurst and I specified the exact events that occurred with Curt Caldwell and the draft declaration using his own words that was presented to him after carefully discussing same with him on two occasions. Mr. Hurst and I reiterated multiple times to Mr. Charfoos and Mr. Kantner that the declaration that they prepared for Mr. Caldwell in support of their Motion for Sanctions was false. We once again asked them to withdraw their Motion for Sanctions and they refused.

10.    Mr. Hurst also mentioned what potential actions might be taken regarding Mr. Caldwell's perjured declaration, and that we are investigating all options and obligations. Mr. Kantner challenged Mr. Hurst regarding whether we had any evidence that Mr. Charfoos actually

**PAGE 4 OF 6**                                    **DECLARATION OF JULIE PETTIT**

suborned the perjured declaration, to which Mr. Hurst responded that he did not at this time but would very much like to understand from Mr. Caldwell or by reading any contemporaneous notes Mr. Charfoos had about what was said to Mr. Caldwell that led to the signing of the declaration.

11.      We told Mr. Charfoos and Robert Kantner that we had contemporaneous notes and subsequent correspondence with our clients regarding the calls with Mr. Caldwell and would discuss providing them to Mr. Charfoos and Mr. Kanter if they would agree that the provision of same would not constitute a waiver of privilege. We offered in writing to provide them with all of our contemporaneous notes and contemporaneous emails with our clients regarding this issue if they would agree to withdraw their motion when they confirmed our notes supported the falsity of Mr. Caldwell's declaration.  Counsel for BioFire refused the offer. Attached as **Exhibit C** are the emails exchanged with counsel for BioFire regarding the Caldwell declaration.

12.      The texts I exchanged on a group text with Mr. Caldwell and Mr. Hurst are attached as **Exhibit D**.

**PAGE 5 OF 6**                                            **DECLARATION OF JULIE PETTIT**

FURTHER DECLARANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this _____ day of December, 2020.


_____
Julie Pettit

DECLARATION OF JULIE PETTIT

# Exhibit A

Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21   Page 20 of 124   PageID 10267

APP 27

# Exhibit B

 **Gmail**

**Julie Pettit <jpettit@pettitfirm.com>**

## Declaration
1 message

**Julie Pettit** <jpettit@pettitfirm.com>                       Thu, Nov 5, 2020 at 1:10 PM
To: curt@medwatersystems.com
Cc: "Michael K. Hurst" <MHurst@lynnllp.com>

Mr. Caldwell,

It was good to speak with you again today.  Attached is the declaration we just went over by phone.  Please review it again and make sure everything is accurate.  If you have any changes, please let me know.  If everything is accurate, please sign and return to me.

Thank you.

Best Regards,

Julie Pettit
The Pettit Law Firm
2101 Cedar Springs, Suite 1540
Dallas, Texas 75201
Direct: 214-329-1846
Fax: 214-329-4076
jpettit@pettitfirm.com



📄 **Caldwell Declaration_3.pdf**
109K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **US MEDICAL NETWORKS LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civ. Action No. 3:19-cv-01848-N** |
| | § | |
| **BIOFIRE DIAGNOSTICS LLC** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

---

## DECLARATION OF CURT CALDWELL

STATE OF _____

COUNTY OF _____

Curt Caldwell declares as follows:

      1.     My name is Curt Caldwell. I am over the age of eighteen and am competent in all respects to make this declaration. My date of birth is October 26, 1955. I am able to swear, and I hereby do swear, that all of the facts stated in this declaration are true and correct and within my personal knowledge.

      2.     I was formerly employed by BioFire Diagnostics, LLC ("BioFire"), and held many positions there, including Senior Director of Commercial Operations.  I also oversaw BioFire's point of care sales team for approximately 1 year until on or around October 1, 2019.

      3.     I have knowledge regarding BioFire's relationship with McKesson.  McKesson's distribution relationship with BioFire became highly contentious, in part, because BioFire did not want to extend the term of the agreement. McKesson was angry that BioFire did not want to extend.

**PAGE 1 OF 4**                                 **DECLARATION OF CURT CALDWELL**

USMN0215302

Separately, BioFire was approximately 12-months behind on its payments to McKesson and also owed it a tail payment that was due once the contract between the parties ended. BioFire was waiting on information from McKesson in order to make these payments. BioFire and McKesson also disputed who secured which accounts.  I recall that McKesson expressed frustration that it had built a $50 million business and employed 18 salespeople for BioFire and then BioFire abruptly ended the relationship. In good faith, McKesson had done everything BioFire had asked McKesson to do.

4.     Initially, BioFire discussed internally that USMN would take over the relationship that McKesson had with BioFire.  However, BioFire terminated the contract with USMN. BioFire, led by Rachel Jones, Andrea Kendall, Jim Kathrein, and possibly Randy Rasmussen, decided in the Spring of 2019 that BioFire would no longer engage in third party sales and distributor relationships.  Instead, at that time, BioFire, acting primarily through Ms. Jones and Ms. Kendall, switched directions to build up its own internal sales team and replace third party relationships, including USMN. It was Rachel Jones and Andrea Kendell, and possibly Randy Rasmussen, that made this decision. Rachel Jones openly shared her dislike of USMN. Ms. Jones told me to execute on the decision that BioFire was no longer going to utilize third party relationships and was going to build its own internal sales team instead.

5.     After BioFire terminated its contract with USMN, BioFire instructed me to travel to Chicago and meet with Dr. Patel, a physician affiliated with Hansa Medical Groupe. I did not feel comfortable meeting with Dr. Patel and Hansa because I knew that USMN had brought that relationship, and a signed contract, to BioFire.  For that reason, I told Andrea Kendell and Rachel Jones that I would not meet with Hansa and cancelled that meeting. Separately, Hansa was in the senior care market, which was a market we had traditionally not sold into.

**PAGE 2 OF 4**                                    **DECLARATION OF CURT CALDWELL**

USMN0215303

6.      In my interaction with USMN, including Jarrod Pettit and Terry McBryde, I found them to be creative, competent, honest and trustworthy in their dealings. I am not aware of any instances in which they were not truthful.

7.      My opinion is that USMN brought BioFire the contract with XpressMed and Check Point, along with other accounts. BioFire, through Shannyn Scovill, then jumped in the middle of it. Further, it is now my opinion with respect to BioFire's business with XpressMed and Check Point that USMN was not treated fairly by BioFire because these accounts were originally USMN accounts.

8.      USMN and its offerings were valuable to BioFire, including but not limited to their work in the area of reimbursements.  Specifically, USMN had gone into all the states and had valuable information regarding third-party payers and reimbursements. That information as very valuable to BioFire, and USMN had done a good job in developing this information. Based on this information, when requested by a potential customer, BioFire was able to build pro formas and project revenue from particular instruments. That is not something BioFire had successfully done before meeting USMN. I used this information and I believe Dan Snow used this information as well.

**PAGE 3 OF 4**                    **DECLARATION OF CURT CALDWELL**

USMN0215304

FURTHER DECLARANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this _____ day of November, 2020.


_____

Curt Caldwell

**PAGE 4 OF 4**                    **DECLARATION OF CURT CALDWELL**

USMN0215305

# Exhibit C

12/21/2020     Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o…

Case 3:19-cv-01848-E-BK    Document 217    Filed 01/13/21    Page 39 of 124    PageID 10286

Julie Pettit <jpettit@pettitfirm.com>

---

## RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection

1 message

---

**Charfoos, Aaron** <aaroncharfoos@paulhastings.com>        Fri, Dec 18, 2020 at 3:20 PM
To: "Michael K. Hurst" <MHurst@lynnllp.com>, Julie Pettit <jpettit@pettitfirm.com>
Cc: "Kantner, Robert W." <rwkantner@jonesday.com>, Sara Chelette <Schelette@lynnllp.com>, "Bishop, Hunter"
<hunterbishop@paulhastings.com>, "Dragon, Arielle J." <arielledragon@paulhastings.com>, "Marek, Michelle"
<michellemarek@paulhastings.com>, "Marshall, Mindy" <mindymarshall@paulhastings.com>, "Michels, John J."
<johnmichels@paulhastings.com>, "Reich, Adam M." <adamreich@paulhastings.com>, Beverly Congdon
<BCongdon@lynnllp.com>, Yaman Desai <YDesai@lynnllp.com>


Michael,


       Thank you for your offer to provide us with your notes that you say corroborate your conversations with Mr.
Caldwell.  However, we still believe that Mr. Caldwell's declaration is truthful for a number of reasons: 1) that Mr. Caldwell
did not sign your declaration; 2) that he told me on our initial call that he did not agree with how you characterized the
facts and they were not correct; 3) that the declaration he did sign is consistent with his prior deposition testimony; and 4)
that contemporaneous documents support the truthfulness of his declaration.  Given our confidence in Mr. Caldwell's prior
deposition testimony and his declaration, BioFire will not withdraw its Motion for Sanctions or Mr. Caldwell's declaration.
If you have any additional questions, please let me know.


Best,

Aaron


---

**From:** Michael K. Hurst <MHurst@lynnllp.com>
**Sent:** Thursday, December 17, 2020 11:08 AM
**To:** Charfoos, Aaron <aaroncharfoos@paulhastings.com>; Julie Pettit <jpettit@pettitfirm.com>
**Cc:** Kantner, Robert W. <rwkantner@jonesday.com>; Sara Chelette <Schelette@lynnllp.com>; Bishop, Hunter
<hunterbishop@paulhastings.com>; Dragon, Arielle J. <arielledragon@paulhastings.com>; Marek, Michelle
<michellemarek@paulhastings.com>; Marshall, Mindy <mindymarshall@paulhastings.com>; Michels, John J.
<johnmichels@paulhastings.com>; Reich, Adam M. <adamreich@paulhastings.com>; Beverly Congdon
<BCongdon@lynnllp.com>; Yaman Desai <YDesai@lynnllp.com>
**Subject:** [EXT] RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection


Aaron, thank you.  I am taking it that you will not provide us with any
contemporaneous notes from the calls, in addition to your communications with

12/21/2020     Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK    Document 217    Filed 01/13/21    Page 40 of 124    PageID 10287

yo                                                                                                         s,
Caldwell in connection with getting him to sign the false declaration?


We will send you our contemporaneous notes that were forwarded to our clients and the additional color provided to our clients if:  1)  you agree that our provision of such notes does not constitute a waiver of any privilege;  2)  you will not use these notes for any other purpose other than to validate what we told about the content of the conversations we had with Mr. Caldwell; AND **3) you will withdraw your sanctions motion and the Caldwell declaration** once you see the validation of what we told you about the falsity of Mr. Caldwell's declaration including but not limited to:


1.  We DID in fact discuss with Mr. Caldwell his consideration of an affidavit in his own words;

2.  McKesson relationship got contentious because of the business McKesson built and BF being a year behind on payments;

3.  The change in strategy regarding the use of 3d party sales/distributors;

4.  Ms. Krannich's name *never* coming up in our discussions and not mentioned by Mr. Caldwell;

5.  Mr. Caldwell telling Jones/Kendall he did not feel comfortable meeting with Hansa in Chicago after all because it was a relationship that USMN brough to BioFire


Please let me know your response by close of business tomorrow.  Thank you,


Michael

12/21/2020      Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK    Document 217    Filed 01/13/21    Page 41 of 124    PageID 10288

MIC

*Board Certified – Civil Trial Law*

*Texas Board of Legal Specialization*


**Lynn**Pinker**Hurst**Schwegmann, LLP

Direct    214 981 3838

Main    214 981 3800

Fax      214 981 3839

mhurst@lynnllp.com


***Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers***

***Michael K. Hurst repeatedly recognized among Top 100 lawyers in Texas and DFW – Super Lawyers***



The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unauthorized use, disclosure or copying of his communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

---

**From:** Charfoos, Aaron <aaroncharfoos@paulhastings.com>
**Sent:** Wednesday, December 16, 2020 11:27 AM
**To:** Julie Pettit <jpettit@pettitfirm.com>; Michael K. Hurst <MHurst@lynnllp.com>
**Cc:** Kantner, Robert W. <rwkantner@jonesday.com>; Sara Chelette <Schelette@lynnllp.com>; Bishop, Hunter <hunterbishop@paulhastings.com>; Dragon, Arielle J. <arielledragon@paulhastings.com>; Marek, Michelle <michellemarek@paulhastings.com>; Marshall, Mindy <mindymarshall@paulhastings.com>; Michels, John J. <johnmichels@paulhastings.com>; Reich, Adam M. <adamreich@paulhastings.com>
**Subject:** RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection


Julie and Michael,

12/21/2020          Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21   Page 42 of 124   PageID 10289

more and have not found any, nor do I recall having had any others.  We are providing these to you without any waiver of any privilege that we have with respect to BioFire or Mr. Caldwell's employment there.


     In terms of privileged communications with our client and co-counsel, we do not believe that there is any reason for BioFire to share those.  If USMN chooses to pursue this further, which we do not agree is warranted as we said, we could discuss an *in camera* review by the Court, but we similarly feel like there is no basis to do so.


     We will update you in response to the other issues you raised after we have an opportunity to speak with our client, likely on Friday.


Very truly yours,

Aaron


**From:** Julie Pettit <jpettit@pettitfirm.com>
**Sent:** Tuesday, December 15, 2020 3:09 PM
**To:** Michael K. Hurst <MHurst@lynnllp.com>
**Cc:** Charfoos, Aaron <aaroncharfoos@paulhastings.com>; Kantner, Robert W. <rwkantner@jonesday.com>; Sara Chelette <Schelette@lynnllp.com>
**Subject:** [EXT] Re: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection


Bob and Aaron,


As you know, we have produced all of our communications with Mr. Caldwell. On the call, we mentioned that we also have communications with our client and our co-counsel following our first call with Caldwell.


We understand you are looking to see if you have communications with Caldwell. Do you all also have communications with your client and/or co-counsel following your call(s) with Caldwell?


If so, can the parties agree to both exchange all such communications while reserving all rights including privilege?


Best Regards,


Julie Pettit

The Pettit Law Firm

2101 Cedar Springs, Suite 1540

Dallas, Texas 75201

Direct: 214-329-1846

12/21/2020    Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK    Document 217    Filed 01/13/21    Page 43 of 124    PageID 10290

Fax

jpettit@pettitfirm.com

On Mon, Dec 14, 2020 at 6:29 PM Michael K. Hurst <MHurst@lynnllp.com> wrote:

Okay, let's do then unless Julie says otherwise.  I believe she is in mediation today.


MICHAEL K. HURST  |  Partner
Board Certified – Civil Trial Law
Texas Board of Legal Specialization

LynnPinkerHurstSchwegmann, LLP
Direct   214 981 3838
Main    214 981 3800
Fax     214 981 3839
mhurst@lynnllp.com

Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers
Michael K. Hurst repeatedly recognized among Top 100 lawyers in Texas and DFW – Super Lawyers


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside
information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann,
LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may
be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and
destroy this communication and all copies thereof, including all attachments.


-----Original Message-----
From: Charfoos, Aaron <aaroncharfoos@paulhastings.com>
Sent: Monday, December 14, 2020 6:27 PM
To: Kantner, Robert W. <rwkantner@jonesday.com>
Cc: Michael K. Hurst <MHurst@lynnllp.com>; JPettit@pettitfirm.com; Sara Chelette <Schelette@lynnllp.com>
Subject: Re: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection

I can make 12:30 work.

Aaron

Aaron Charfoos | Partner, Litigation Department Paul Hastings LLP | 71 S. Wacker Drive, Forty-Fifth Floor<x-apple-
data-detectors://0/1>, Chicago, IL 60606 | Direct: +1.312.499.6016<tel:+1.312.499.6016> | Main:
+1.312.499.6000<tel:+1.312.499.6000> | Fax: +1.312.499.6116<tel:+1.312.499.6116> |aaroncharfoos@paulhastings.
com<mailto:aaroncharfoos@paulhastings.com> | www.paulhastings.com<http://www.paulhastings.com/>


On Dec 14, 2020, at 6:10 PM, Kantner, Robert W. <rwkantner@jonesday.com> wrote:


I am but I understand Aaron is not available until 1 pm.

12/21/2020     Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK    Document 217    Filed 01/13/21    Page 44 of 124    PageID 10291

Of Counsel
JONES DAY® - One Firm Worldwide℠<http://www.jonesday.com/>
2727 North Harwood Street
Dallas, Texas 75201
Office +1.214.969.3737
rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>

From: Michael K. Hurst <MHurst@lynnllp.com>
Sent: Monday, December 14, 2020 6:04 PM
To: Kantner, Robert W. <rwkantner@jonesday.com>
Cc: jpettit@pettitfirm.com; Sara Chelette <Schelette@lynnllp.com>; 'aaroncharfoos@paulhastings.com'
<aaroncharfoos@paulhastings.com>
Subject: RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection

** External mail **


Are you available at 12:30?  Julie?


MICHAEL K. HURST  |  Partner
Board Certified – Civil Trial Law
Texas Board of Legal Specialization

LynnPinkerHurstSchwegmann, LLP
Direct   214 981 3838
Main    214 981 3800
Fax     214 981 3839
mhurst@lynnllp.com<mailto:mhurst@lynnllp.com>

Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers Michael K. Hurst repeatedly recognized
among Top 100 lawyers in Texas and DFW – Super Lawyers

<image001.jpg>

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside
information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann,
LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may
be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and
destroy this communication and all copies thereof, including all attachments.

From: Kantner, Robert W. <rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>>
Sent: Monday, December 14, 2020 5:54 PM
To: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>
Cc: jpettit@pettitfirm.com<mailto:jpettit@pettitfirm.com>; Sara Chelette <Schelette@lynnllp.com<mailto:
Schelette@lynnllp.com>>; 'aaroncharfoos@paulhastings.com' <aaroncharfoos@paulhastings.
com<mailto:aaroncharfoos@paulhastings.com>>
Subject: RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection

How about 1 – 2 pm tomorrow?



Robert W. Kantner bio<http://www.jonesday.com/rwkantner/>
Of Counsel
JONES DAY® - One Firm Worldwide℠<http://www.jonesday.com/>
2727 North Harwood Street
Dallas, Texas 75201
Office +1.214.969.3737
rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>

12/21/2020                    Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o…

Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21   Page 45 of 124   PageID 10292

From: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>
Sent: Monday, December 14, 2020 5:12 PM
To: Kantner, Robert W. <rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>>
Cc: jpettit@pettitfirm.com<mailto:jpettit@pettitfirm.com>; Sara Chelette <Schelette@lynnllp.com<mailto:
Schelette@lynnllp.com>>; 'aaroncharfoos@paulhastings.com' <aaroncharfoos@paulhastings.
com<mailto:aaroncharfoos@paulhastings.com>>
Subject: RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection

** External mail **

Bob, to be clear, this is the FIRST offer we have had to confer on the already filed motion for sanctions. If you want to
confer on this motion and discuss the truth about what is being alleged in the motion and consider what you hear in
possibly pulling the motion, I can find time tomorrow and will check with Julie. When are y'all available?

MICHAEL K. HURST  |  Partner
Board Certified – Civil Trial Law
Texas Board of Legal Specialization

LynnPinkerHurstSchwegmann, LLP
Direct   214 981 3838
Main    214 981 3800
Fax      214 981 3839
mhurst@lynnllp.com<mailto:mhurst@lynnllp.com>

Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers Michael K. Hurst repeatedly recognized
among Top 100 lawyers in Texas and DFW – Super Lawyers

<image001.jpg>

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside
information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann,
LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may
be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and
destroy this communication and all copies thereof, including all attachments.

From: Kantner, Robert W. <rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>>
Sent: Monday, December 14, 2020 4:44 PM
To: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>
Cc: jpettit@pettitfirm.com<mailto:jpettit@pettitfirm.com>; Sara Chelette <Schelette@lynnllp.com<mailto:
Schelette@lynnllp.com>>; 'aaroncharfoos@paulhastings.com' <aaroncharfoos@paulhastings.
com<mailto:aaroncharfoos@paulhastings.com>>
Subject: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection

Michael:

What Curt Caldwell told Aaron and, more importantly, the affidavit Caldwell signed, which is consistent with his prior
sworn deposition testimony (unlike the affidavit you submitted to Caldwell) support BioFire's Response to USMN's
Motion for Leave and BioFire's Motion for Sanctions.

Unless and until you can prove your allegations that the affadavit Curt Caldwell signed is false and is (to use your
word) "likely" suborned, then I agree with Aaron that there is no reason why BioFire's Response  and Motion for
Sanctions should be withdrawn.

As I understand it, you and Julie refused to confer fully with Aaron on USMN's Motion. Moreover, you have sought

sanctions related to motions without any separate conference on your motion for sanctions.

So let's stick to the substance on this.  And if you want to talk, Aaron tells me he will do so and I will join in.

Bob

Robert W. Kantner bio<http://www.jonesday.com/rwkantner/>
Of Counsel
JONES DAY® - One Firm Worldwide℠<http://www.jonesday.com/>
2727 North Harwood Street
Dallas, Texas 75201
Office +1.214.969.3737
rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>

From: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>
Sent: Monday, December 14, 2020 11:48 AM
To: Charfoos, Aaron <aaroncharfoos@paulhastings.com<mailto:aaroncharfoos@paulhastings.com>>; Kantner, Robert
W. <rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>>
Cc: Julie Pettit (JPettit@PettitFirm.com<mailto:JPettit@PettitFirm.com>) <JPettit@PettitFirm.com<
mailto:JPettit@PettitFirm.com>>; Yaman Desai <YDesai@lynnllp.com<mailto:YDesai@lynnllp.com>>; Sara Chelette
<Schelette@lynnllp.com<mailto:Schelette@lynnllp.com>>; Bishop, Hunter (External)
<hunterbishop@paulhastings.com<mailto:hunterbishop@paulhastings.com>>; Dragon, Arielle J.
<arielledragon@paulhastings.com<mailto:arielledragon@paulhastings.com>>; Marek (External), Michelle
<michellemarek@paulhastings.com<mailto:michellemarek@paulhastings.com>>; Marshall, Mindy (External)
<mindymarshall@paulhastings.com<mailto:mindymarshall@paulhastings.com>>; Michels, John J.
<johnmichels@paulhastings.com<mailto:johnmichels@paulhastings.com>>; Reich, Adam M.
<adamreich@paulhastings.com<mailto:adamreich@paulhastings.com>>
Subject: RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection

** External mail **

Aaron, thank you for your prompt response but I must say, I am extremely disappointed in your continued position.
 Given your refusal to comply with the Local Rules and your ambivalence to the fact that you have filed a false
declaration and likely suborned it, we will take all appropriate action.  Your motion relies in large part on the false
statements and a defective certificate of conference.  You have now doubled down and have refused to withdraw the
motion and even take me up on my offer to discuss the truth.

Bob, before we take action, is your position any different than the Paul Hastings folks?

Regards,

Michael

MICHAEL K. HURST  |  Partner
Board Certified – Civil Trial Law
Texas Board of Legal Specialization

LynnPinkerHurstSchwegmann, LLP
Direct   214 981 3838
Main    214 981 3800
Fax      214 981 3839
mhurst@lynnllp.com<mailto:mhurst@lynnllp.com>

Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers Michael K. Hurst repeatedly recognized
among Top 100 lawyers in Texas and DFW – Super Lawyers

<image001.jpg>

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside
information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann,

LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may
be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and
destroy this communication and all copies thereof, including all attachments.


From: Charfoos, Aaron <aaroncharfoos@paulhastings.com<mailto:aaroncharfoos@paulhastings.com>>
Sent: Monday, December 14, 2020 10:57 AM
To: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>; Kantner, Robert W.
<rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>>
Cc: Julie Pettit (JPettit@PettitFirm.com<mailto:JPettit@PettitFirm.com>) <JPettit@PettitFirm.com<
mailto:JPettit@PettitFirm.com>>; Yaman Desai <YDesai@lynnllp.com<mailto:YDesai@lynnllp.com>>; Sara Chelette
<Schelette@lynnllp.com<mailto:Schelette@lynnllp.com>>; Bishop, Hunter <hunterbishop@paulhastings.com
<mailto:hunterbishop@paulhastings.com>>; Dragon, Arielle J. <arielledragon@paulhastings.
com<mailto:arielledragon@paulhastings.com>>; Marek, Michelle <michellemarek@paulhastings.
com<mailto:michellemarek@paulhastings.com>>; Marshall, Mindy <mindymarshall@paulhastings.
com<mailto:mindymarshall@paulhastings.com>>; Michels, John J. <johnmichels@paulhastings.com<
mailto:johnmichels@paulhastings.com>>; Reich, Adam M. <adamreich@paulhastings.com<
mailto:adamreich@paulhastings.com>>
Subject: RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection

Michael,

          I disagree with your allegation that I engaged in any sanctionable conduct as well as your characterization of
the facts.  After we received your communications with Mr. Caldwell, including his unsigned declaration, we reached
out to you and Ms. Pettit to discuss the production, potential privileged communications and confidentiality, but
received no response.  Instead, USMN filed its Motion to Compel.

Our opposition to your motion and motion for sanctions are based on Mr. Caldwell's signed declaration and the
contemporaneous evidence (including the 2018 McKesson agreement itself), which refute the statements that USMN
made in its motion.   Moreover, Mr. Caldwell's declaration is consistent with his prior sworn testimony in his deposition.
I do not believe that there is any justification for withdrawing BioFire's opposition or motion for sanctions, which were
narrowly tailored to address the issues in the motion.

Very truly yours,
Aaron

From: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>
Sent: Saturday, December 12, 2020 11:19 PM
To: Charfoos, Aaron <aaroncharfoos@paulhastings.com<mailto:aaroncharfoos@paulhastings.com>>; Kantner, Robert
W. <rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>>
Cc: Julie Pettit (JPettit@PettitFirm.com<mailto:JPettit@PettitFirm.com>) <JPettit@PettitFirm.com<
mailto:JPettit@PettitFirm.com>>; Yaman Desai <YDesai@lynnllp.com<mailto:YDesai@lynnllp.com>>; Sara Chelette
<Schelette@lynnllp.com<mailto:Schelette@lynnllp.com>>>
Subject: [EXT] FW: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al
Sealed and/or Ex Parte Response/Objection

Aaron (and Bob):

          This morning I began reading your motion for sanctions and am, frankly, appalled and somehow even surprised
with your conduct in both the filing itself and your certification to the Court that you attempted to confer about the
substance of the very serious (and false) allegations in your motion as required by Local Rule 7.1(b).   You also have
knowingly, or perhaps negligently, suborned a perjurious affidavit from Mr. Caldwell.

          On the certificate of conference, you represent to the Court that you have complied with Local Rule 7.1(b).  The
email you reference to show your purported compliance, which is apparently the one attached, objectively and woefully
falls short of the both the spirit of the Rule and the substantive conference requirements contained therein.  Your email
which expresses a litany of issues largely unrelated to your motion, does not address the crux of your motion for
sanctions or even any forthcoming filing.  Nor did you once pick up the phone and try to address with me or my co-
counsel the patent dichotomy in the words Mr. Caldwell provided to Julie and me on the one hand and what Mr.
Caldwell attested to in the declaration you subsequently prevailed upon him to sign.  Had we had the required
conference, and assuming you had any interest in the truth, I seriously doubt you would have filed your motion for
sanctions.

          Your motion is replete with false statements, and your stated reliance on Mr. Caldwell's representations to you

about the substance of his conversations with Mr. McBride, as well as with Julie and me, is so contrary to reality that I am shocked that even you would submit such nonsense to the Court. We immediately provided to you all texts, emails and voicemails to and from Mr. Caldwell. We are going to request the Court to require Mr. Caldwell to submit to examination under oath before Court where he will have to verify the validity of those communications and the conversations that led to our providing him with a draft declaration containing what are indeed his own words. We also are going to request that you and Mr. Caldwell certify to the Court what was said and done to Mr. Caldwell that led him to sign the declaration with the false statements that you provided to him on which you are now asking the Court to rely. Suffice it to say, you have submitted and asked the Court to rely upon a false declaration, and neither I nor anyone affiliated with our side will stand by idly and let that pass.

Aaron (and Bob), please let this email, which may be supplemented as we further review the motion, serve as notice under Rule 11 of the Federal Rules of Civil Procedure, that if your motion and the perjurious affidavit are not timely withdrawn, we will seek all remedies available under Rule 11 and otherwise. This demand is without waiver of all other legal rights and remedies that may be sought in connection with the conduct set forth above.

Should you desire to have a conversation regarding the forgoing, please let me know.

Michael


MICHAEL K. HURST  |  Partner
Board Certified – Civil Trial Law
Texas Board of Legal Specializationgn th

LynnPinkerHurstSchwegmann, LLP
Direct   214 981 3838
Main    214 981 3800
Fax     214 981 3839
mhurst@lynnllp.com<mailto:mhurst@lynnllp.com>

Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers Michael K. Hurst repeatedly recognized among Top 100 lawyers in Texas and DFW – Super Lawyers

<image001.jpg>

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.


From: Beverly Congdon <BCongdon@lynnllp.com<mailto:BCongdon@lynnllp.com>>
Sent: Saturday, December 12, 2020 8:26 AM
To: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>; Julie Pettit <jpettit@pettitfirm.com<mailto:jpettit@pettitfirm.com>>; Sara Chelette <Schelette@lynnllp.com<mailto:Schelette@lynnllp.com>>; Yaman Desai <YDesai@lynnllp.com<mailto:YDesai@lynnllp.com>>
Cc: Patricia Perkins <pperkins@pettitfirm.com<mailto:pperkins@pettitfirm.com>>
Subject: RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection

Please see attached.

BEVERLY CONGDON, Paralegal
Lynn Pinker Hurst & Schwegmann
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
lynnllp.com<https://urldefense.com/v3/__http:/www.lynnllp.com/__;!!Dahw-A9d0CA!ngS8qWeyME4y7q5sOQ0lPlQbG0Di2Lox3p9tT7mdjwnPWPGbJdWKKS0FpoAuUZ74ow$>

Direct   214 292 3636
bcongdon@lynnllp.com<mailto:bcongdon@lynnllp.com>


From: ecf_txnd@txnd.uscourts.gov <mailto:ecf_txnd@txnd.uscourts.gov> <ecf_txnd@txnd.uscourts.gov

App. 047

APP 48

Case 3:19-cv-01848-E-BK   Document 1189   Filed 12/23/20   Page 50 of 124   PageID 18029

mailto:ecf_txnd@txnd.uscourts.gov>
Sent: Friday, December 11, 2020 5:42 PM
To: Courtmail@txnd.uscourts.gov <mailto:Courtmail@txnd.uscourts.gov>
Subject: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection


This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.
If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements.<https://urldefense.com/v3/__http://www.txnd.uscourts.gov/pdf/ecf/judgescopyrequirements.pdf__;!!Dahw-A9d0CA!ngS8qWeyME4y7q5sOQ0lPlQbG0Di2L ox3p9tT7mdjwnPWPGbJdWKKS0FpoAbTF57jw$> Click here to see Judge Specific Requirements. <https://urldefense.com/v3/__http:/www.txnd.uscourts.gov/judge-specific-requirements__;!!Dahw-A9d0CA! nGS8qWeyME4y7q5sOQ0lPlQbG0Di2Lox3p9tT7mdjwnPWPGbJdWKKS0FpoDH6aOMHA$> Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions<https://urldefense.com/v3/__http:/www.txnd.uscourts.gov/attorneyinfo/bar.html__;!!Dahw-A9d0CA! nGS8qWeyME4y7q5sOQ0lPlQbG0Di2Lox3p9tT7mdjwnPWPGbJdWKKS0FpoBgDHbe2Q$> found at www.txnd.uscourts.gov<https://urldefense.com/v3/__http:/www.txnd.uscourts.gov__;!!Dahw-A9d0CA! nGS8qWeyME4y7q5sOQ0lPlQbG0Di2Lox3p9tT7mdjwnPWPGbJdWKKS0FpoBJb4AxXA$>. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.


U.S. District Court

Northern District of Texas
Notice of Electronic Filing

The following transaction was entered by Charfoos, Aaron on 12/11/2020 at 5:41 PM CST and filed on 12/11/2020
Case Name:

US Medical Networks LLC v. BioFire Diagnostics LLC et al

Case Number:

3:19-cv-01848-E-BK<https://urldefense.com/v3/__https:/ecf.txnd.uscourts.gov/cgi-bin/DktRpt.pl?320246__;!!Dahw-A9d0CA!ngS8qWeyME4y7q5sOQ0lPlQbG0Di2Lox3p9tT7mdjwnPWPGbJdWKKS0FpoD-FaSYTQ$>

Filer:

BioFire Diagnostics LLC

Document Number:

171<https://urldefense.com/v3/__https:/ecf.txnd.uscourts.gov/doc1/177013828173?caseid= 320246&de_seq_num=455&magic_num=16431497__;!!Dahw-A9d0CA!ngS8qWeyME4y7q5sOQ0lPlQbG0Di2L ox3p9tT7mdjwnPWPGbJdWKKS0FpoA1GlTbPQ$>


Docket Text:
(Document Restricted) Sealed Response re: [165] Motion for Leave to File (Sealed pursuant to order dated 10/30/2019) filed by BioFire Diagnostics LLC (Attachments: # (1) Proposed Order) (Charfoos, Aaron)

3:19-cv-01848-E-BK Notice has been electronically mailed to:

Aaron Daniel Charfoos    aaroncharfoos@paulhastings.com<mailto:aaroncharfoos@paulhastings.com>, michellemarek@paulhastings.com<mailto:michellemarek@paulhastings.com>, mindymarshall@paulhastings.com <mailto:mindymarshall@paulhastings.com>

Adam M Reich    adamreich@paulhastings.com<mailto:adamreich@paulhastings.com>

APP 49

12/21/2020     Petit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21   Page 50 of 124   PageID 10297

Dorothea L Vidal    dvidal@gpd.com<mailto:dvidal@gpd.com>, dbenitez@gpd.com<mailto:dbenitez@gpd.com>

Greg L Weselka    gweselka@gpm-law.com<mailto:gweselka@gpm-law.com>

Jamil N Alibhai    jalibhai@munsch.com<mailto:jalibhai@munsch.com>, atellez@munsch.com<mailto:atellez@munsch.com>

John Joseph Michels    johnmichels@paulhastings.com<mailto:johnmichels@paulhastings.com>, arielledragon@paulhastings.com<mailto:arielledragon@paulhastings.com>

Julie Pettit    jpettit@pettitfirm.com<mailto:jpettit@pettitfirm.com>, julie_a_pettit@yahoo.com<mailto:julie_a_pettit@yahoo.com>, lshanks@pettitfirm.com<mailto:lshanks@pettitfirm.com>, pperkins@pettitfirm.com<mailto:pperkins@pettitfirm.com>

Kirsten E Moran    kmoran@jonesday.com<mailto:kmoran@jonesday.com>

Kristina Katz Cercone    kcercone@jonesday.com<mailto:kcercone@jonesday.com>

Michael K Hurst    mhurst@lynnllp.com<mailto:mhurst@lynnllp.com>, bcongdon@lynnllp.com<mailto:bcongdon@lynnllp.com>, hturgeon@lynnllp.com<mailto:hturgeon@lynnllp.com>, mslusser@lynnllp.com<mailto:mslusser@lynnllp.com>, tashworth@lynnllp.com<mailto:tashworth@lynnllp.com>

Robert W Kantner    rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>, cydennis@jonesday.com<mailto:cydennis@jonesday.com>, mrussell@jonesday.com<mailto:mrussell@jonesday.com>

Sara Hollan Chelette    schelette@lynnllp.com<mailto:schelette@lynnllp.com>, cbaker@lynnllp.com<mailto:cbaker@lynnllp.com>, ssmoot@lynnllp.com<mailto:ssmoot@lynnllp.com>

Yaman Desai    ydesai@lynnllp.com<mailto:ydesai@lynnllp.com>

3:19-cv-01848-E-BK The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will only serve notice of court Orders and Judgments by mail as required by the federal rules.

The following document(s) are associated with this transaction:
Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1004035775 [Date=12/11/2020] [FileNumber=12816239 -0] [
18133f190a89553bd7112ec308a16f4b6bcdf95e9a73836f3aaee2fa766c08987
057b2c11a570159bd8625a26c8549fddbeb1872e0ee8fcc7762312071b53f1d]]
Document description:Proposed Order
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1004035775 [Date=12/11/2020] [FileNumber=12816239 -1] [
58ac8e9c1ee506d7f2a1b9e746831a51223ece5f012307446293b1ba03c03e86b
0de4dedecebf09bd566ca92d03720c6cb492cc98e4545f08b99c2034dec6a3a]]

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***


*****************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

**App. 049**

12/21/2020          Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

***Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21 **Page 51 of 124   PageID 10298

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

**************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# Exhibit D



USMN0215298

Text Message
Tuesday 8:10 AM

Michael Hurst

Mr. Caldwell, thanks for considering signing the declaration that we drafted using your words. You may still be at your convention or decided you didn't want to sign for whatever reason. Of course, while we are still hopeful you will sign the declaration that will help clear up/ support a couple of things in the record, we respect any decision you make. Would it be better to take a short follow-up deposition? If so, please let me know when would be best. Again, we truly appreciate your time and your willingness to speak with us.

Mr. Caldwell, thanks for considering signing the declaration that we drafted using your words. You may still be at your convention or decided you didn't want to sign for whatever reason. Of course, while we are still hopeful you will sign the declaration that will help clear up/ support a couple of things in the record, we respect any decision you make. Would it be better to take a short follow-up deposition? If so, please let me know when would be best. Again, we truly appreciate

USMN0215299

decided you didn't want to sign for whatever reason. Of course, while we are still hopeful you will sign the declaration that will help clear up/ support a couple of things in the record, we respect any decision you make. Would it be better to take a short follow-up deposition? If so, please let me know when would be best. Again, we truly appreciate your time and your willingness to speak with us.

Tuesday 10:00 AM

Curt Salt Lake City

When I reached out to Terry it was to discuss a business opportunity that I thought would be good for many people. I thought Terry was interested in the opportunity. It seems to me like he just wanted me to spend time discussing BioFire. I have already answered these questions in my first deposition. I don't want to be involved with them. I wanted to move on, not spend more time speaking about BioFire.

Tuesday 11:13 AM

Michael Horst

Thank you, Mr Caldwell. I understand. Hopefully y'all can talk in the future




2 People >

iMessage
Thu, Nov 5, 7:30 AM

Mr Caldwell, this is michael hurst and Julie Pettit. Can we call you in a few minutes and read to you your declaration before we send it to you to make sure it's your words?  Thank you very much

Thu, Nov 5, 2:17 PM

Mr Caldwell, did you



iMessage





2 People ›

to make sure it's your words?  Thank you very much

Thu, Nov 5, 2:17 PM

Mr Caldwell, did you receive?  I believe it tracks your words. If so can you please sign and send back. We are very appreciative of your time and attention.

Text Message
Tuesday 8:10 AM




iMessage



6:00



2 People ›

Text Message
Tuesday 8:10 AM

Mr. Caldwell, thanks for considering signing the declaration that we drafted using your words. You may still be at your convention or decided you didn't want to sign for whatever reason. Of course, while we are still hopeful you will sign the declaration that will help clear up/

  iMessage  

APP 58

6:01





2 People >

hopeful you will sign the declaration that will help clear up/ support a couple of things in the record, we respect any decision you make. Would it be better to take a short follow-up deposition? If so, please let me know when would be best. Again, we truly appreciate your time and your willingness to speak with us.

  iMessage 

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **US MEDICAL NETWORKS LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civ. Action No. 3:19-cv-01848-N** |
| **BIOFIRE DIAGNOSTICS LLC** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

_____

## <u>DECLARATION OF MICHAEL K. HURST</u>

STATE OF TEXAS
COUNTY OF DALLAS

Michael K. Hurst declares as follows:

1.      My name is Michael K. Hurst. I am over the age of eighteen and am competent in all respects to make this declaration. My date of birth is May 25, 1965. I am able to swear, and I hereby do swear, that all of the facts stated in this declaration are true and correct and within my personal knowledge.

2.      On October 29, 2020, I learned from Terry McBride that Curt Caldwell was communicating with Mr. McBride about a business deal Mr. Caldwell was proposing to Mr. McBride. I came to understand that Mr. Caldwell was willing to talk with the lawyers for USMN about Biofire, and Mr. McBride shared the phone number for Mr. Caldwell with Julie Pettit and myself.

3.      Ms. Pettit and I had two phone calls with Mr. Caldwell.  The first phone call took place on November 3, 2020.  During that phone call, the following occurred (from both memory and my review of contemporaneous notes):

    a.  At the outset, Mr. Caldwell confirmed that there were no agreements preventing him from speaking to us.

    b.  We asked Mr. Caldwell a series of questions, including questions about McKesson, the relationship between BioFire and UMSN, and whether he was told to lie or hide the truth during his deposition.

    c.  I instructed Mr. Caldwell not to discuss privileged communications. Mr. Caldwell told us simply that, in anticipation of his initial deposition in this case, his outside counsel told him to tell the truth and instructed him not to speculate. During the call, Mr. Caldwell did not discuss any communications with BioFire's outside counsel or in-house counsel, (including Meredith Krannich), except the instruction above he said he was given without attribution.

    d.  At no point in the call did Mr. Caldwell indicate that he was revealing privileged information. At no time did I think we were in any way receiving information that was protected by privilege.

    e.  Mr. Caldwell told us about his new job at Med Waters Systems.

    f.  Mr. Caldwell told us he was at a conference in Las Vegas.

    g.  Mr. Caldwell then said he would answer some questions for us based on the relationship between USMN and BioFire.

     h.   During this first call, Mr. Caldwell said he was willing to sign a declaration about the things we discussed on the phone. Multiple times, by phone and by text, I told Mr. Caldwell that the declaration needed to be "his own words."

4.     After the phone call, Ms. Pettit circulated her notes with our clients and me. I added a few additional notes that I remembered from the call.  My emails with the client representatives and co-counsel are attached hereto as **Exhibit A**. I am attaching this exhibit to this declaration to support BioFire's counsel's ambivalence to what truly happened during the conversations with Mr. Caldwell, but I am reserving all rights in regard to these communications.

5.     On November 5, 2020, Ms. Pettit and I called Mr. Caldwell back to discuss the declaration Mr. Caldwell had agreed to sign on the previous call.  Over the phone, Ms. Pettit read the draft declaration to Mr. Caldwell—line by line.  The declaration we discussed is attached as **Exhibit B**. Mr. Caldwell made several adjustments, additions and comments on items in the declaration.

6.     During this call, I had had another appointment, so when we were about halfway finished going through the draft declaration, I apologized and dropped off the phone call.

7.     Subsequently, counsel for BioFire filed a Motion for Sanctions regarding Mr. Caldwell. Counsel for BioFire did not confer with us regarding the motion for sanctions prior to its filing.

8.     After BioFire filed the Motion for Sanctions without conferring with us, in the attached email string, I, *inter alia*, requested a call with Aaron Charfoos and Robert Kantner, lead counsel for BioFire. Ms. Pettit, Mr. Charfoos, Mr. Kantner and I had a call on December 15, 2020, whereby I once again explained to counsel that if they had conferred with us prior to the filing of BioFire's Motion for Sanctions, they would have heard the truth about the communications to and

from Mr. Caldwell and, if the truth mattered to them, they would presumably have not filed the motion for sanctions. During the call, Ms. Pettit and I specified the exact events that occurred with Curt Caldwell and the draft declaration using his own words that was presented to him after carefully discussing same with him on two occasions. Ms. Pettit and I reiterated multiple times to Mr. Charfoos and Mr. Kantner that the declaration that they prepared for Mr. Caldwell in support of their Motion for Sanctions was false. We once again asked them to withdraw their Motion for Sanctions and they refused.

9.      We also discussed what potential actions might be taken regarding Mr. Caldwell's perjured declaration, and that we are investigating all options and obligations. Mr. Kantner challenged me regarding whether we had any evidence that Mr. Charfoos actually suborned the perjured declaration, to which I responded I did not at this time but would very much like to understand from Mr. Caldwell or by reading any contemporaneous notes Mr. Charfoos had about what was said to Mr. Caldwell that led to the signing of the declaration.

10.      We told Mr. Charfoos and Robert Kantner that we had contemporaneous notes and subsequent correspondence with our clients regarding the calls with Mr. Caldwell and would discuss providing them to Mr. Charfoos and Mr. Kanter if they would agree that the provision of same would not constitute a waiver of privilege. We offered in writing to provide them with all of our contemporaneous notes and contemporaneous emails with our clients regarding this issue if they would agree to withdraw their motion when they confirmed our notes supported the falsity of Mr. Caldwell's declaration.  Counsel for BioFire refused the offer. Attached as **Exhibit C** are the emails exchanged with counsel for BioFire regarding the Caldwell declaration.

11.      The texts I exchanged on a group text with Mr. Caldwell and Mr. Hurst are attached as **Exhibit D**.

FURTHER DECLARANT SAYETH NOT.


I declare under penalty of perjury that the foregoing is true and correct.   Executed on this
_____21st_____ day of December, 2020.


_____
Michael K. Hurst

# Exhibit A

Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21   Page 68 of 124   PageID 10315

APP 68

Case 3:19-cv-01648-E-BK    Document 217    Filed 01/13/21    Page 69 of 124    PageID 10316

Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21   Page 71 of 124   PageID 10318

Case 3:19-cv-01648-E-BK   Document 217   Filed 01/13/21   Page 74 of 124   PageID 10321

APP 76

# Exhibit B

 **Gmail**

**Julie Pettit <jpettit@pettitfirm.com>**

---

## Declaration
1 message

---

**Julie Pettit** <jpettit@pettitfirm.com>                              Thu, Nov 5, 2020 at 1:10 PM
To: curt@medwatersystems.com
Cc: "Michael K. Hurst" <MHurst@lynnllp.com>

Mr. Caldwell,

It was good to speak with you again today.  Attached is the declaration we just went over by phone.  Please review it
again and make sure everything is accurate.  If you have any changes, please let me know.  If everything is accurate,
please sign and return to me.

Thank you.

Best Regards,

Julie Pettit
The Pettit Law Firm
2101 Cedar Springs, Suite 1540
Dallas, Texas 75201
Direct: 214-329-1846
Fax: 214-329-4076
jpettit@pettitfirm.com


---

📄 **Caldwell Declaration_3.pdf**
109K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **US MEDICAL NETWORKS LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civ. Action No. 3:19-cv-01848-N** |
| **BIOFIRE DIAGNOSTICS LLC** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

---

## DECLARATION OF CURT CALDWELL

STATE OF _____

COUNTY OF _____

Curt Caldwell declares as follows:

1.      My name is Curt Caldwell. I am over the age of eighteen and am competent in all respects to make this declaration. My date of birth is October 26, 1955. I am able to swear, and I hereby do swear, that all of the facts stated in this declaration are true and correct and within my personal knowledge.

2.      I was formerly employed by BioFire Diagnostics, LLC ("BioFire"), and held many positions there, including Senior Director of Commercial Operations.  I also oversaw BioFire's point of care sales team for approximately 1 year until on or around October 1, 2019.

3.      I have knowledge regarding BioFire's relationship with McKesson.  McKesson's distribution relationship with BioFire became highly contentious, in part, because BioFire did not want to extend the term of the agreement. McKesson was angry that BioFire did not want to extend.

**PAGE 1 OF 4**                                **DECLARATION OF CURT CALDWELL**

USMN0215302

Separately, BioFire was approximately 12-months behind on its payments to McKesson and also owed it a tail payment that was due once the contract between the parties ended. BioFire was waiting on information from McKesson in order to make these payments. BioFire and McKesson also disputed who secured which accounts. I recall that McKesson expressed frustration that it had built a $50 million business and employed 18 salespeople for BioFire and then BioFire abruptly ended the relationship. In good faith, McKesson had done everything BioFire had asked McKesson to do.

4.    Initially, BioFire discussed internally that USMN would take over the relationship that McKesson had with BioFire. However, BioFire terminated the contract with USMN. BioFire, led by Rachel Jones, Andrea Kendall, Jim Kathrein, and possibly Randy Rasmussen, decided in the Spring of 2019 that BioFire would no longer engage in third party sales and distributor relationships. Instead, at that time, BioFire, acting primarily through Ms. Jones and Ms. Kendall, switched directions to build up its own internal sales team and replace third party relationships, including USMN. It was Rachel Jones and Andrea Kendell, and possibly Randy Rasmussen, that made this decision. Rachel Jones openly shared her dislike of USMN. Ms. Jones told me to execute on the decision that BioFire was no longer going to utilize third party relationships and was going to build its own internal sales team instead.

5.    After BioFire terminated its contract with USMN, BioFire instructed me to travel to Chicago and meet with Dr. Patel, a physician affiliated with Hansa Medical Groupe. I did not feel comfortable meeting with Dr. Patel and Hansa because I knew that USMN had brought that relationship, and a signed contract, to BioFire. For that reason, I told Andrea Kendell and Rachel Jones that I would not meet with Hansa and cancelled that meeting. Separately, Hansa was in the senior care market, which was a market we had traditionally not sold into.

**PAGE 2 OF 4**                         **DECLARATION OF CURT CALDWELL**

USMN0215303

6.      In my interaction with USMN, including Jarrod Pettit and Terry McBryde, I found them to be creative, competent, honest and trustworthy in their dealings. I am not aware of any instances in which they were not truthful.

7.      My opinion is that USMN brought BioFire the contract with XpressMed and Check Point, along with other accounts. BioFire, through Shannyn Scovill, then jumped in the middle of it. Further, it is now my opinion with respect to BioFire's business with XpressMed and Check Point that USMN was not treated fairly by BioFire because these accounts were originally USMN accounts.

8.      USMN and its offerings were valuable to BioFire, including but not limited to their work in the area of reimbursements.  Specifically, USMN had gone into all the states and had valuable information regarding third-party payers and reimbursements. That information as very valuable to BioFire, and USMN had done a good job in developing this information. Based on this information, when requested by a potential customer, BioFire was able to build pro formas and project revenue from particular instruments. That is not something BioFire had successfully done before meeting USMN. I used this information and I believe Dan Snow used this information as well.

**PAGE 3 OF 4**                                          **DECLARATION OF CURT CALDWELL**

USMN0215304

FURTHER DECLARANT SAYETH NOT.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on this _____ day of November, 2020.




_____
Curt Caldwell

**PAGE 4 OF 4**                                        **DECLARATION OF CURT CALDWELL**

USMN0215305

# Exhibit C

12/21/2020    Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21   Page 87 of 124   PageID 10334

Julie Pettit <jpettit@pettitfirm.com>

---

## RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection

1 message

---

**Charfoos, Aaron** <aaroncharfoos@paulhastings.com>          Fri, Dec 18, 2020 at 3:20 PM
To: "Michael K. Hurst" <MHurst@lynnllp.com>, Julie Pettit <jpettit@pettitfirm.com>
Cc: "Kantner, Robert W." <rwkantner@jonesday.com>, Sara Chelette <Schelette@lynnllp.com>, "Bishop, Hunter" <hunterbishop@paulhastings.com>, "Dragon, Arielle J." <arielledragon@paulhastings.com>, "Marek, Michelle" <michellemarek@paulhastings.com>, "Marshall, Mindy" <mindymarshall@paulhastings.com>, "Michels, John J." <johnmichels@paulhastings.com>, "Reich, Adam M." <adamreich@paulhastings.com>, Beverly Congdon <BCongdon@lynnllp.com>, Yaman Desai <YDesai@lynnllp.com>

Michael,

       Thank you for your offer to provide us with your notes that you say corroborate your conversations with Mr. Caldwell.  However, we still believe that Mr. Caldwell's declaration is truthful for a number of reasons: 1) that Mr. Caldwell did not sign your declaration; 2) that he told me on our initial call that he did not agree with how you characterized the facts and they were not correct; 3) that the declaration he did sign is consistent with his prior deposition testimony; and 4) that contemporaneous documents support the truthfulness of his declaration.  Given our confidence in Mr. Caldwell's prior deposition testimony and his declaration, BioFire will not withdraw its Motion for Sanctions or Mr. Caldwell's declaration. If you have any additional questions, please let me know.

Best,

Aaron

---

**From:** Michael K. Hurst <MHurst@lynnllp.com>
**Sent:** Thursday, December 17, 2020 11:08 AM
**To:** Charfoos, Aaron <aaroncharfoos@paulhastings.com>; Julie Pettit <jpettit@pettitfirm.com>
**Cc:** Kantner, Robert W. <rwkantner@jonesday.com>; Sara Chelette <Schelette@lynnllp.com>; Bishop, Hunter <hunterbishop@paulhastings.com>; Dragon, Arielle J. <arielledragon@paulhastings.com>; Marek, Michelle <michellemarek@paulhastings.com>; Marshall, Mindy <mindymarshall@paulhastings.com>; Michels, John J. <johnmichels@paulhastings.com>; Reich, Adam M. <adamreich@paulhastings.com>; Beverly Congdon <BCongdon@lynnllp.com>; Yaman Desai <YDesai@lynnllp.com>
**Subject:** [EXT] RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection

Aaron, thank you.  I am taking it that you will not provide us with any contemporaneous notes from the calls, in addition to your communications with

12/21/2020    Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o…

Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21   Page 88 of 124   PageID 10335

yo                                                                    s,
Caldwell in connection with getting him to sign the false declaration?


        We will send you our contemporaneous notes that were forwarded to our clients and the additional color provided to our clients if:  1)  you agree that our provision of such notes does not constitute a waiver of any privilege;  2)  you will not use these notes for any other purpose other than to validate what we told about the content of the conversations we had with Mr. Caldwell; AND **3) you will withdraw your sanctions motion and the Caldwell declaration** once you see the validation of what we told you about the falsity of Mr. Caldwell's declaration including but not limited to:


        1.  We DID in fact discuss with Mr. Caldwell his consideration of an affidavit in his own words;

        2.  McKesson relationship got contentious because of the business McKesson built and BF being a year behind on payments;

        3.  The change in strategy regarding the use of 3d party sales/distributors;

        4.  Ms. Krannich's name *never* coming up in our discussions and not mentioned by Mr. Caldwell;

        5.  Mr. Caldwell telling Jones/Kendall he did not feel comfortable meeting with Hansa in Chicago after all because it was a relationship that USMN brough to BioFire


Please let me know your response by close of business tomorrow.  Thank you,


Michael

12/21/2020    Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21   Page 89 of 124   PageID 10336

MIC

*Board Certified – Civil Trial Law*

*Texas Board of Legal Specialization*


**Lynn**Pinker**Hurst**Schwegmann, LLP

Direct   214 981 3838

Main   214 981 3800

Fax   214 981 3839

mhurst@lynnllp.com


***Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers***

***Michael K. Hurst repeatedly recognized among Top 100 lawyers in Texas and DFW – Super Lawyers***



The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unauthorized use, disclosure or copying of  his communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

---

**From:** Charfoos, Aaron <aaroncharfoos@paulhastings.com>
**Sent:** Wednesday, December 16, 2020 11:27 AM
**To:** Julie Pettit <jpettit@pettitfirm.com>; Michael K. Hurst <MHurst@lynnllp.com>
**Cc:** Kantner, Robert W. <rwkantner@jonesday.com>; Sara Chelette <Schelette@lynnllp.com>; Bishop, Hunter <hunterbishop@paulhastings.com>; Dragon, Arielle J. <arielledragon@paulhastings.com>; Marek, Michelle <michellemarek@paulhastings.com>; Marshall, Mindy <mindymarshall@paulhastings.com>; Michels, John J. <johnmichels@paulhastings.com>; Reich, Adam M. <adamreich@paulhastings.com>
**Subject:** RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection


Julie and Michael,

12/21/2020    Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK    Document 217    Filed 01/13/21    Page 90 of 124    PageID 10337

more and have not found any, nor do I recall having had any others.  We are providing these to you without any waiver of any privilege that we have with respect to BioFire or Mr. Caldwell's employment there.


In terms of privileged communications with our client and co-counsel, we do not believe that there is any reason for BioFire to share those.  If USMN chooses to pursue this further, which we do not agree is warranted as we said, we could discuss an *in camera* review by the Court, but we similarly feel like there is no basis to do so.


We will update you in response to the other issues you raised after we have an opportunity to speak with our client, likely on Friday.


Very truly yours,

Aaron


**From:** Julie Pettit <jpettit@pettitfirm.com>
**Sent:** Tuesday, December 15, 2020 3:09 PM
**To:** Michael K. Hurst <MHurst@lynnllp.com>
**Cc:** Charfoos, Aaron <aaroncharfoos@paulhastings.com>; Kantner, Robert W. <rwkantner@jonesday.com>; Sara Chelette <Schelette@lynnllp.com>
**Subject:** [EXT] Re: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection


Bob and Aaron,


As you know, we have produced all of our communications with Mr. Caldwell. On the call, we mentioned that we also have communications with our client and our co-counsel following our first call with Caldwell.


We understand you are looking to see if you have communications with Caldwell. Do you all also have communications with your client and/or co-counsel following your call(s) with Caldwell?


If so, can the parties agree to both exchange all such communications while reserving all rights including privilege?


Best Regards,


Julie Pettit

The Pettit Law Firm

2101 Cedar Springs, Suite 1540

Dallas, Texas 75201

Direct: 214-329-1846

12/21/2020　　　Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o…

Case 3:19-cv-01848-E-BK　　Document 217　　Filed 01/13/21　　Page 91 of 124　　PageID 10338

Fax

jpettit@pettitfirm.com

On Mon, Dec 14, 2020 at 6:29 PM Michael K. Hurst <MHurst@lynnllp.com> wrote:

Okay, let's do then unless Julie says otherwise.  I believe she is in mediation today.

MICHAEL K. HURST  |  Partner
Board Certified – Civil Trial Law
Texas Board of Legal Specialization

LynnPinkerHurstSchwegmann, LLP
Direct   214 981 3838
Main     214 981 3800
Fax      214 981 3839
mhurst@lynnllp.com

Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers
Michael K. Hurst repeatedly recognized among Top 100 lawyers in Texas and DFW – Super Lawyers

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

-----Original Message-----
From: Charfoos, Aaron <aaroncharfoos@paulhastings.com>
Sent: Monday, December 14, 2020 6:27 PM
To: Kantner, Robert W. <rwkantner@jonesday.com>
Cc: Michael K. Hurst <MHurst@lynnllp.com>; JPettit@pettitfirm.com; Sara Chelette <Schelette@lynnllp.com>
Subject: Re: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection

I can make 12:30 work.

Aaron

Aaron Charfoos | Partner, Litigation Department Paul Hastings LLP | 71 S. Wacker Drive, Forty-Fifth Floor<x-apple-data-detectors://0/1>, Chicago, IL 60606 | Direct: +1.312.499.6016<tel:+1.312.499.6016> | Main: +1.312.499.6000<tel:+1.312.499.6000> | Fax: +1.312.499.6116<tel:+1.312.499.6116> |aaroncharfoos@paulhastings.com<mailto:aaroncharfoos@paulhastings.com> | www.paulhastings.com<http://www.paulhastings.com/>

On Dec 14, 2020, at 6:10 PM, Kantner, Robert W. <rwkantner@jonesday.com> wrote:

I am but I understand Aaron is not available until 1 pm.

12/21/2020    Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK    Document 217    Filed 01/13/21    Page 92 of 124    PageID 10339

Of Counsel
JONES DAY® - One Firm Worldwide℠<http://www.jonesday.com/>
2727 North Harwood Street
Dallas, Texas 75201
Office +1.214.969.3737
rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>

From: Michael K. Hurst <MHurst@lynnllp.com>
Sent: Monday, December 14, 2020 6:04 PM
To: Kantner, Robert W. <rwkantner@jonesday.com>
Cc: jpettit@pettitfirm.com; Sara Chelette <Schelette@lynnllp.com>; 'aaroncharfoos@paulhastings.com'
<aaroncharfoos@paulhastings.com>
Subject: RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection

** External mail **

Are you available at 12:30?  Julie?

MICHAEL K. HURST  |  Partner
Board Certified – Civil Trial Law
Texas Board of Legal Specialization

LynnPinkerHurstSchwegmann, LLP
Direct   214 981 3838
Main    214 981 3800
Fax      214 981 3839
mhurst@lynnllp.com<mailto:mhurst@lynnllp.com>

Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers Michael K. Hurst repeatedly recognized
among Top 100 lawyers in Texas and DFW – Super Lawyers

<image001.jpg>

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside
information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann,
LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may
be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and
destroy this communication and all copies thereof, including all attachments.

From: Kantner, Robert W. <rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>>
Sent: Monday, December 14, 2020 5:54 PM
To: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>
Cc: jpettit@pettitfirm.com<mailto:jpettit@pettitfirm.com>; Sara Chelette <Schelette@lynnllp.com<mailto:
Schelette@lynnllp.com>>; 'aaroncharfoos@paulhastings.com' <aaroncharfoos@paulhastings.
com<mailto:aaroncharfoos@paulhastings.com>>
Subject: RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection

How about 1 – 2 pm tomorrow?

Robert W. Kantner bio<http://www.jonesday.com/rwkantner/>
Of Counsel
JONES DAY® - One Firm Worldwide℠<http://www.jonesday.com/>
2727 North Harwood Street
Dallas, Texas 75201
Office +1.214.969.3737
rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>

12/21/2020      Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21   Page 93 of 124   PageID 10340

From: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>
Sent: Monday, December 14, 2020 5:12 PM
To: Kantner, Robert W. <rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>>
Cc: jpettit@pettitfirm.com<mailto:jpettit@pettitfirm.com>; Sara Chelette <Schelette@lynnllp.com<mailto:
Schelette@lynnllp.com>>; 'aaroncharfoos@paulhastings.com' <aaroncharfoos@paulhastings.
com<mailto:aaroncharfoos@paulhastings.com>>
Subject: RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection

** External mail **


Bob, to be clear, this is the FIRST offer we have had to confer on the already filed motion for sanctions.  If you want to
confer on this motion and discuss the truth about what is being alleged in the motion and consider what you hear in
possibly pulling the motion,  I can find time tomorrow and will check with Julie.  When are y'all available?


MICHAEL K. HURST  |  Partner
Board Certified – Civil Trial Law
Texas Board of Legal Specialization

LynnPinkerHurstSchwegmann, LLP
Direct   214 981 3838
Main    214 981 3800
Fax      214 981 3839
mhurst@lynnllp.com<mailto:mhurst@lynnllp.com>

Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers Michael K. Hurst repeatedly recognized
among Top 100 lawyers in Texas and DFW – Super Lawyers

<image001.jpg>

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside
information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann,
LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may
be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and
destroy this communication and all copies thereof, including all attachments.


From: Kantner, Robert W. <rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>>
Sent: Monday, December 14, 2020 4:44 PM
To: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>
Cc: jpettit@pettitfirm.com<mailto:jpettit@pettitfirm.com>; Sara Chelette <Schelette@lynnllp.com<mailto:
Schelette@lynnllp.com>>; 'aaroncharfoos@paulhastings.com' <aaroncharfoos@paulhastings.
com<mailto:aaroncharfoos@paulhastings.com>>
Subject: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection




Michael:

What Curt Caldwell told Aaron and, more importantly, the affidavit Caldwell signed, which is consistent with his prior
sworn deposition testimony (unlike the affidavit you submitted to Caldwell) support BioFire's Response to USMN's
Motion for Leave and BioFire's Motion for Sanctions.

Unless and until you can prove your allegations that the affadavit Curt Caldwell signed is false and is (to use your
word) "likely" suborned, then I agree with Aaron that there is no reason why BioFire's Response  and Motion for
Sanctions should be withdrawn.

As I understand it, you and Julie refused to confer fully with Aaron on USMN's Motion.  Moreover, you have sought

Case 3:19-cv-01848-E-BK   Document 189   Filed 01/23/20   Page 96 of 124   PageID 10841

sanctions related to motions without any separate conference on your motion for sanctions.

So let's stick to the substance on this.  And if you want to talk, Aaron tells me he will do so and I will join in.

Bob


Robert W. Kantner bio<http://www.jonesday.com/rwkantner/>
Of Counsel
JONES DAY® - One Firm Worldwide℠<http://www.jonesday.com/>
2727 North Harwood Street
Dallas, Texas 75201
Office +1.214.969.3737
rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>

From: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>
Sent: Monday, December 14, 2020 11:48 AM
To: Charfoos, Aaron <aaroncharfoos@paulhastings.com<mailto:aaroncharfoos@paulhastings.com>>; Kantner, Robert
W. <rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>>
Cc: Julie Pettit (JPettit@PettitFirm.com<mailto:JPettit@PettitFirm.com>) <JPettit@PettitFirm.com<
mailto:JPettit@PettitFirm.com>>; Yaman Desai <YDesai@lynnllp.com<mailto:YDesai@lynnllp.com>>; Sara Chelette
<Schelette@lynnllp.com<mailto:Schelette@lynnllp.com>>; Bishop, Hunter (External)
<hunterbishop@paulhastings.com<mailto:hunterbishop@paulhastings.com>>; Dragon, Arielle J.
<arielledragon@paulhastings.com<mailto:arielledragon@paulhastings.com>>; Marek (External), Michelle
<michellemarek@paulhastings.com<mailto:michellemarek@paulhastings.com>>; Marshall, Mindy (External)
<mindymarshall@paulhastings.com<mailto:mindymarshall@paulhastings.com>>; Michels, John J.
<johnmichels@paulhastings.com<mailto:johnmichels@paulhastings.com>>; Reich, Adam M.
<adamreich@paulhastings.com<mailto:adamreich@paulhastings.com>>
Subject: RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed
and/or Ex Parte Response/Objection

** External mail **


Aaron, thank you for your prompt response but I must say, I am extremely disappointed in your continued position.
 Given your refusal to comply with the Local Rules and your ambivalence to the fact that you have filed a false
declaration and likely suborned it, we will take all appropriate action.  Your motion relies in large part on the false
statements and a defective certificate of conference.  You have now doubled down and have refused to withdraw the
motion and even take me up on my offer to discuss the truth.

Bob, before we take action, is your position any different than the Paul Hastings folks?

Regards,

Michael


MICHAEL K. HURST  |  Partner
Board Certified – Civil Trial Law
Texas Board of Legal Specialization

LynnPinkerHurstSchwegmann, LLP
Direct   214 981 3838
Main    214 981 3800
Fax      214 981 3839
mhurst@lynnllp.com<mailto:mhurst@lynnllp.com>

Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers Michael K. Hurst repeatedly recognized
among Top 100 lawyers in Texas and DFW – Super Lawyers

<image001.jpg>

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside
information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann,

LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.


From: Charfoos, Aaron <aaroncharfoos@paulhastings.com<mailto:aaroncharfoos@paulhastings.com>>
Sent: Monday, December 14, 2020 10:57 AM
To: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>; Kantner, Robert W. <rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>>
Cc: Julie Pettit (JPettit@PettitFirm.com<mailto:JPettit@PettitFirm.com>) <JPettit@PettitFirm.com<mailto:JPettit@PettitFirm.com>>; Yaman Desai <YDesai@lynnllp.com<mailto:YDesai@lynnllp.com>>; Sara Chelette <Schelette@lynnllp.com<mailto:Schelette@lynnllp.com>>; Bishop, Hunter <hunterbishop@paulhastings.com<mailto:hunterbishop@paulhastings.com>>; Dragon, Arielle J. <arielledragon@paulhastings.com<mailto:arielledragon@paulhastings.com>>; Marek, Michelle <michellemarek@paulhastings.com<mailto:michellemarek@paulhastings.com>>; Marshall, Mindy <mindymarshall@paulhastings.com<mailto:mindymarshall@paulhastings.com>>; Michels, John J. <johnmichels@paulhastings.com<mailto:johnmichels@paulhastings.com>>; Reich, Adam M. <adamreich@paulhastings.com<mailto:adamreich@paulhastings.com>>
Subject: RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection


Michael,

        I disagree with your allegation that I engaged in any sanctionable conduct as well as your characterization of the facts.  After we received your communications with Mr. Caldwell, including his unsigned declaration, we reached out to you and Ms. Pettit to discuss the production, potential privileged communications and confidentiality, but received no response.  Instead, USMN filed its Motion to Compel.

Our opposition to your motion and motion for sanctions are based on Mr. Caldwell's signed declaration and the contemporaneous evidence (including the 2018 McKesson agreement itself), which refute the statements that USMN made in its motion.   Moreover, Mr. Caldwell's declaration is consistent with his prior sworn testimony in his deposition.  I do not believe that there is any justification for withdrawing BioFire's opposition or motion for sanctions, which were narrowly tailored to address the issues in the motion.

Very truly yours,
Aaron

From: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>
Sent: Saturday, December 12, 2020 11:19 PM
To: Charfoos, Aaron <aaroncharfoos@paulhastings.com<mailto:aaroncharfoos@paulhastings.com>>; Kantner, Robert W. <rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>>
Cc: Julie Pettit (JPettit@PettitFirm.com<mailto:JPettit@PettitFirm.com>) <JPettit@PettitFirm.com<mailto:JPettit@PettitFirm.com>>; Yaman Desai <YDesai@lynnllp.com<mailto:YDesai@lynnllp.com>>; Sara Chelette <Schelette@lynnllp.com<mailto:Schelette@lynnllp.com>>
Subject: [EXT] FW: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection

Aaron (and Bob):

        This morning I began reading your motion for sanctions and am, frankly, appalled and somehow even surprised with your conduct in both the filing itself and your certification to the Court that you attempted to confer about the substance of the very serious (and false) allegations in your motion as required by Local Rule 7.1(b).   You also have knowingly, or perhaps negligently, suborned a perjurious affidavit from Mr. Caldwell.

        On the certificate of conference, you represent to the Court that you have complied with Local Rule 7.1(b).  The email you reference to show your purported compliance, which is apparently the one attached, objectively and woefully falls short of the both the spirit of the Rule and the substantive conference requirements contained therein.  Your email which expresses a litany of issues largely unrelated to your motion, does not address the crux of your motion for sanctions or even any forthcoming filing.  Nor did you once pick up the phone and try to address with me or my co-counsel the patent dichotomy in the words Mr. Caldwell provided to Julie and me on the one hand and what Mr. Caldwell attested to in the declaration you subsequently prevailed upon him to sign.  Had we had the required conference, and assuming you had any interest in the truth, I seriously doubt you would have filed your motion for sanctions.

        Your motion is replete with false statements, and your stated reliance on Mr. Caldwell's representations to you

about the substance of his conversations with Mr. McBride, as well as with Julie and me, is so contrary to reality that I am shocked that even you would submit such nonsense to the Court. We immediately provided to you all texts, emails and voicemails to and from Mr. Caldwell. We are going to request the Court to require Mr. Caldwell to submit to examination under oath before Court where he will have to verify the validity of those communications and the conversations that led to our providing him with a draft declaration containing what are indeed his own words. We also are going to request that you and Mr. Caldwell certify to the Court what was said and done to Mr. Caldwell that led him to sign the declaration with the false statements that you provided to him on which you are now asking the Court to rely. Suffice it to say, you have submitted and asked the Court to rely upon a false declaration, and neither I nor anyone affiliated with our side will stand by idly and let that pass.

Aaron (and Bob), please let this email, which may be supplemented as we further review the motion, serve as notice under Rule 11 of the Federal Rules of Civil Procedure, that if your motion and the perjurious affidavit are not timely withdrawn, we will seek all remedies available under Rule 11 and otherwise. This demand is without waiver of all other legal rights and remedies that may be sought in connection with the conduct set forth above.

Should you desire to have a conversation regarding the forgoing, please let me know.

Michael


MICHAEL K. HURST  |  Partner
Board Certified – Civil Trial Law
Texas Board of Legal Specializationgn th

LynnPinkerHurstSchwegmann, LLP
Direct   214 981 3838
Main    214 981 3800
Fax      214 981 3839
mhurst@lynnllp.com<mailto:mhurst@lynnllp.com>

Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers Michael K. Hurst repeatedly recognized among Top 100 lawyers in Texas and DFW – Super Lawyers

<image001.jpg>

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.


From: Beverly Congdon <BCongdon@lynnllp.com<mailto:BCongdon@lynnllp.com>>
Sent: Saturday, December 12, 2020 8:26 AM
To: Michael K. Hurst <MHurst@lynnllp.com<mailto:MHurst@lynnllp.com>>; Julie Pettit <jpettit@pettitfirm.com< mailto:jpettit@pettitfirm.com>>; Sara Chelette <Schelette@lynnllp.com<mailto:Schelette@lynnllp.com>>; Yaman Desai <YDesai@lynnllp.com<mailto:YDesai@lynnllp.com>>
Cc: Patricia Perkins <pperkins@pettitfirm.com<mailto:pperkins@pettitfirm.com>>
Subject: RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection

Please see attached.

BEVERLY CONGDON, Paralegal
Lynn Pinker Hurst & Schwegmann
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
lynnllp.com<https://urldefense.com/v3/__http:/www.lynnllp.com/__;!!Dahw-A9d0CA! ngS8qWeyME4y7q5sOQ0lPlQbG0Di2Lox3p9tT7mdjwnPWPGbJdWKKS0FpoAuUZ74ow$>

Direct   214 292 3636
bcongdon@lynnllp.com<mailto:bcongdon@lynnllp.com>


From: ecf_txnd@txnd.uscourts.gov <mailto:ecf_txnd@txnd.uscourts.gov> <ecf_txnd@txnd.uscourts.gov

App. 096

12/21/2020                Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21   Page 97 of 124   PageID 10344

Sent: Friday, December 11, 2020 5:42 PM
To: Courtmail@txnd.uscourts.gov<mailto:Courtmail@txnd.uscourts.gov>
Subject: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/or Ex Parte Response/Objection


This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.
If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements.<https://urldefense.com/v3/__http:/www.txnd.uscourts.gov/pdf/ecf/judgescopyrequirements.pdf__;!!Dahw-A9d0CA!ngS8qWeyME4y7q5sOQ0lPIQbG0Di2Lox3p9tT7mdjwnPWPGbJdWKKS0FpoAbTF57jw$> Click here to see Judge Specific Requirements. <https://urldefense.com/v3/__http:/www.txnd.uscourts.gov/judge-specific-requirements__;!!Dahw-A9d0CA!ngS8qWeyME4y7q5sOQ0lPIQbG0Di2Lox3p9tT7mdjwnPWPGbJdWKKS0FpoDH6aOMHA$> Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions<https://urldefense.com/v3/__http:/www.txnd.uscourts.gov/attorneyinfo/bar.html__;!!Dahw-A9d0CA!ngS8qWeyME4y7q5sOQ0lPIQbG0Di2Lox3p9tT7mdjwnPWPGbJdWKKS0FpoBgDHbe2Q$> found at www.txnd.uscourts.gov<https://urldefense.com/v3/__http:/www.txnd.uscourts.gov__;!!Dahw-A9d0CA!ngS8qWeyME4y7q5sOQ0lPIQbG0Di2Lox3p9tT7mdjwnPWPGbJdWKKS0FpoBJb4AxXA$>. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.


U.S. District Court

Northern District of Texas
Notice of Electronic Filing

The following transaction was entered by Charfoos, Aaron on 12/11/2020 at 5:41 PM CST and filed on 12/11/2020
Case Name:

US Medical Networks LLC v. BioFire Diagnostics LLC et al

Case Number:

3:19-cv-01848-E-BK<https://urldefense.com/v3/__https:/ecf.txnd.uscourts.gov/cgi-bin/DktRpt.pl?320246__;!!Dahw-A9d0CA!ngS8qWeyME4y7q5sOQ0lPIQbG0Di2Lox3p9tT7mdjwnPWPGbJdWKKS0FpoD-FaSYTQ$>

Filer:

BioFire Diagnostics LLC

Document Number:

171<https://urldefense.com/v3/__https:/ecf.txnd.uscourts.gov/doc1/177013828173?caseid= 320246&de_seq_num=455&magic_num=16431497__;!!Dahw-A9d0CA!ngS8qWeyME4y7q5sOQ0lPIQbG0Di2Lox3p9tT7mdjwnPWPGbJdWKKS0FpoA1GlTbPQ$>


Docket Text:
(Document Restricted) Sealed Response re: [165] Motion for Leave to File (Sealed pursuant to order dated 10/30/2019) filed by BioFire Diagnostics LLC (Attachments: # (1) Proposed Order) (Charfoos, Aaron)

3:19-cv-01848-E-BK Notice has been electronically mailed to:

Aaron Daniel Charfoos    aaroncharfoos@paulhastings.com<mailto:aaroncharfoos@paulhastings.com>, michellemarek@paulhastings.com<mailto:michellemarek@paulhastings.com>, mindymarshall@paulhastings.com <mailto:mindymarshall@paulhastings.com>

Adam M Reich    adamreich@paulhastings.com<mailto:adamreich@paulhastings.com>

APP 97

12/21/2020     Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o...

Case 3:19-cv-01848-E-BK   Document 217   Filed 01/13/21   Page 98 of 124   PageID 10345

Dorothea L Vidal    dvidal@gpd.com<mailto:dvidal@gpd.com>, dbenitez@gpd.com<mailto:dbenitez@gpd.com>

Greg L Weselka    gweselka@gpm-law.com<mailto:gweselka@gpm-law.com>

Jamil N Alibhai    jalibhai@munsch.com<mailto:jalibhai@munsch.com>, atellez@munsch.com<mailto:atellez@munsch.com>

John Joseph Michels    johnmichels@paulhastings.com<mailto:johnmichels@paulhastings.com>, arielledragon@paulhastings.com<mailto:arielledragon@paulhastings.com>

Julie Pettit    jpettit@pettitfirm.com<mailto:jpettit@pettitfirm.com>, julie_a_pettit@yahoo.com<mailto:julie_a_pettit@yahoo.com>, lshanks@pettitfirm.com<mailto:lshanks@pettitfirm.com>, pperkins@pettitfirm.com<mailto:pperkins@pettitfirm.com>

Kirsten E Moran    kmoran@jonesday.com<mailto:kmoran@jonesday.com>

Kristina Katz Cercone    kcercone@jonesday.com<mailto:kcercone@jonesday.com>

Michael K Hurst    mhurst@lynnllp.com<mailto:mhurst@lynnllp.com>, bcongdon@lynnllp.com<mailto:bcongdon@lynnllp.com>, hturgeon@lynnllp.com<mailto:hturgeon@lynnllp.com>, mslusser@lynnllp.com<mailto:mslusser@lynnllp.com>, tashworth@lynnllp.com<mailto:tashworth@lynnllp.com>

Robert W Kantner    rwkantner@jonesday.com<mailto:rwkantner@jonesday.com>, cydennis@jonesday.com<mailto:cydennis@jonesday.com>, mrussell@jonesday.com<mailto:mrussell@jonesday.com>

Sara Hollan Chelette    schelette@lynnllp.com<mailto:schelette@lynnllp.com>, cbaker@lynnllp.com<mailto:cbaker@lynnllp.com>, ssmoot@lynnllp.com<mailto:ssmoot@lynnllp.com>

Yaman Desai    ydesai@lynnllp.com<mailto:ydesai@lynnllp.com>

3:19-cv-01848-E-BK The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will only serve notice of court Orders and Judgments by mail as required by the federal rules.

The following document(s) are associated with this transaction:
Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1004035775 [Date=12/11/2020] [FileNumber=12816239 -0] [
18133f190a89553bd7112ec308a16f4b6bcdf95e9a73836f3aaee2fa766c08987
057b2c11a570159bd8625a26c8549fddbeb1872e0ee8fcc7762312071b53f1d]]
Document description:Proposed Order
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1004035775 [Date=12/11/2020] [FileNumber=12816239 -1] [
58ac8e9c1ee506d7f2a1b9e746831a51223ece5f012307446293b1ba03c03e86b
0de4dedecebf09bd566ca92d03720c6cb492cc98e4545f08b99c2034dec6a3a]]

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.*** ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

*****************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastin

12/21/2020      Pettit Law Firm Mail - RE: Activity in Case 3:19-cv-01848-E-BK US Medical Networks LLC v. BioFire Diagnostics LLC et al Sealed and/o…

***Case 3:19-cv-01848-E-BK    Document 217    Filed 01/13/21**   Page 99 of 124    PageID 10346

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# Exhibit D

6:37

iMessage
Thu, Nov 5, 7:30 AM

Michael Hurst

Mr Caldwell, this is michael hurst
and Julie Pettit. Can we call you in a
few minutes and read to you your
declaration before we send it to you
to make sure it's your words?
Thank you very much

Thu, Nov 5, 3:17 PM

Michael Hurst

Mr Caldwell, did you receive?  I
believe it tracks your words. If so
can you please sign and send back.
We are very appreciative of your
time and attention.

Text Message
Tuesday 8:10 AM

Michael Hurst

Mr. Caldwell, thanks for considering
signing the declaration that we
drafted using your words.  You may
still be at your convention or
decided you didn't want to sign for
whatever reason.  Of course, while
we are still hopeful you will sign the
declaration that will help clear up/
support a couple of things in the
record, we respect any decision you
make.  Would it be better to take a
short follow-up deposition?  If so,
please let me know when would be

iMessage

USMN0215298



Text Message
Tuesday 8:10 AM

Michael Hurst

Mr. Caldwell, thanks for considering signing the declaration that we drafted using your words. You may still be at your convention or decided you didn't want to sign for whatever reason. Of course, while we are still hopeful you will sign the declaration that will help clear up/ support a couple of things in the record, we respect any decision you make. Would it be better to take a short follow-up deposition? If so, please let me know when would be best. Again, we truly appreciate your time and your willingness to speak with us.

Mr. Caldwell, thanks for considering signing the declaration that we drafted using your words. You may still be at your convention or decided you didn't want to sign for whatever reason. Of course, while we are still hopeful you will sign the declaration that will help clear up/ support a couple of things in the record, we respect any decision you make. Would it be better to take a short follow-up deposition? If so, please let me know when would be best. Again, we truly appreciate

Message

USMN0215299

decided you didn't want to sign for whatever reason. Of course, while we are still hopeful you will sign the declaration that will help clear up/ support a couple of things in the record, we respect any decision you make. Would it be better to take a short follow-up deposition? If so, please let me know when would be best. Again, we truly appreciate your time and your willingness to speak with us.

Tuesday 10:00 AM

Curt Salt Lake City

When I reached out to Terry it was to discuss a business opportunity that I thought would be good for many people. I thought Terry was interested in the opportunity. It seems to me like he just wanted me to spend time discussing BioFire. I have already answered these questions in my first deposition. I don't want to be involved with them. I wanted to move on, not spend more time speaking about BioFire.

Tuesday 11:13 AM

Michael Horst

Thank you, Mr Caldwell. I understand. Hopefully y'all can talk in the future

Message

USMN0215300

6:00

 

2 People ›

iMessage
Thu, Nov 5, 7:30 AM

Mr Caldwell, this is michael hurst and Julie Pettit. Can we call you in a few minutes and read to you your declaration before we send it to you to make sure it's your words?  Thank you very much

Thu, Nov 5, 2:17 PM

Mr Caldwell, did you

  iMessage 

6:00

 

## 2 People ›

to make sure it's your words?  Thank you very much

Thu, Nov 5, 2:17 PM

Mr Caldwell, did you receive?  I believe it tracks your words. If so can you please sign and send back. We are very appreciative of your time and attention.

Text Message
Tuesday 8:10 AM

 

iMessage



ATT 103

6:00

 

2 People >

Text Message
Tuesday 8:10 AM

Mr. Caldwell, thanks for considering signing the declaration that we drafted using your words. You may still be at your convention or decided you didn't want to sign for whatever reason. Of course, while we are still hopeful you will sign the declaration that will help clear up/

  iMessage 

 

**2 People** >

hopeful you will sign the declaration that will help clear up/ support a couple of things in the record, we respect any decision you make. Would it be better to take a short follow-up deposition?  If so, please let me know when would be best. Again, we truly appreciate your time and your willingness to speak with us.

  iMessage 

| | |
|---|---|
| **From:** | Charfoos, Aaron |
| **To:** | Michael K. Hurst; Julie Pettit |
| **Cc:** | Beverly Congdon; Kantner, Robert W.; Moran, Kirsten E.; Bittle, Nicholas T.; Sara Chelette; Yaman Desai; Patricia Perkins; Bishop, Hunter; Dragon, Arielle J.; Marshall, Mindy; Michels, John J.; Reich, Adam M. |
| **Subject:** | RE: Case 3:19-cv-01848-E; US Medical Networks LLC v. BioFire Diagnostics LLC et al |
| **Date:** | Tuesday, November 17, 2020 8:33:50 AM |

Michael,

Thank you, the parties are in agreement that expert depositions do not count towards the 10 deposition limit. We are working with the experts to determine their availability, but Dr. Sujansky is available December 15-17 for a deposition.

In terms of fact depositions, as I said, BioFire agrees to go forward with Mr. Noel's deposition which puts USMN at 11 if USMN similarly agrees to allow BioFire to take 11 depositions if it wants. At this point, BioFire has taken (or started in the case of USMN's corporate representative) 8 depositions. BioFire has not decided who else it will depose, there are a number of outstanding third party subpoenas, or whether it will need 11 depositions. In addition, the deposition of Mr. McBride is not an additional deposition, but completing a deposition that was held open given his refusal to answer questions. However, BioFire wants to reserve the right to take up to 11. Please confirm that you agree.

BioFire is not willing to stipulate to go past 11 at this time. Therefore, BioFire has not agreed to the deposition of McKesson or the deposition of Mr. Caldwell. With respect to Mr. Caldwell, there are two problems with deposing him again. First, USMN has already had an opportunity to depose him and the Rules limit USMN to one deposition per witness. Second, despite your characterization that it will be a "brief depo", because USMN took the opportunity to conduct a full deposition of Mr. Caldwell already, this new request will be a second deposition and will be USMN's thirteenth deposition total. BioFire will not stipulate to any more depositions at this time, particularly with respect to Mr. Caldwell given the multiple issues with your request.

With respect to Mr. Caldwell, BioFire also has several follow issues. First, we still have not received a Bates stamped copy of your production, nor do I think that we have received a signed copy of the declaration. Please let us know when USMN intends to produce those documents. In addition, please confirm whether USMN intends to produce all communications, documents, draft declarations, etc. related to, or between, USMN, Mr. Pettit, Mr. McBride or either of you and Mr. Caldwell. If not, please let us know as soon as possible so that we can serve the appropriate discovery. Second, have you asked Mr. Caldwell himself if he is willing to be deposed again and has he agreed? Third, as you well know from Mr. Caldwell's deposition and other discovery in this case, Mr. Caldwell was privy to and participated in, numerous highly confidential and privileged conversations pertinent to USMN or this litigation with BioFire's counsel, Meredith Krannich, among others. Although Mr. Caldwell is presently a former employee, these communications (e.g. communications relating to termination of the agreement, communications relating to Hansa, etc.) remain privileged and confidential. BioFire has a legal right to maintain the confidentiality of attorney-client privileged communications with former employees, and former employees, no matter how high-ranking, do not have the ability to waive BioFire's privilege. In addition, Mr. Caldwell cannot disclose Attorneys Eyes Only information to anyone other than counsel, or

confidential information to anyone other than those designated under the Protective Order.

       Can you confirm that: 1) Prior to USMN, Mr. Pettit, Mr. McBride or opposing counsel's discussion with Mr. Caldwell, Mr. Caldwell was instructed not to reveal attorney-client privileged communications and he did not do so; and 2) opposing counsel did not reveal any confidential communications to anyone who has not already been designated under the Protective Order?

Aaron

---

**From:** Michael K. Hurst <MHurst@lynnllp.com>
**Sent:** Tuesday, November 17, 2020 6:15 AM
**To:** Charfoos, Aaron <aaroncharfoos@paulhastings.com>; Julie Pettit <jpettit@pettitfirm.com>
**Cc:** Beverly Congdon <BCongdon@lynnllp.com>; Kantner, Robert W. <rwkantner@jonesday.com>; Moran, Kirsten E. <kmoran@jonesday.com>; Bittle, Nicholas T. <ntbittle@jonesday.com>; Sara Chelette <Schelette@lynnllp.com>; Yaman Desai <YDesai@lynnllp.com>; Patricia Perkins <pperkins@pettitfirm.com>; Bishop, Hunter <hunterbishop@paulhastings.com>; Dragon, Arielle J. <arielledragon@paulhastings.com>; Marshall, Mindy <mindymarshall@paulhastings.com>; Michels, John J. <johnmichels@paulhastings.com>; Reich, Adam M. <adamreich@paulhastings.com>
**Subject:** [EXT] RE: Case 3:19-cv-01848-E; US Medical Networks LLC v. BioFire Diagnostics LLC et al

Aaron:

       We agree that experts will not be included in the number.  For Plaintiff, we currently have BioFire corp rep, McKesson and brief depo of Curt Caldwell outstanding.  BioFire has asked to re-take Terry McBride's depo.  Who else does BioFire wish to depose?

       Also, do you have dates we can depose your experts in advance of the 12/21 motion deadline?

       Thank you,

Michael

**MICHAEL K. HURST** | Partner
*Board Certified – Civil Trial Law*
*Texas Board of Legal Specialization*

**Lynn**Pinker**Hurst**Schwegmann**, LLP**
Direct   214 981 3838
Main    214 981 3800

Fax    214 981 3839
mhurst@lynnllp.com

***Recognized as one of the Top 4 firms, Commercial Lit. Texas – Chambers***
***Michael K. Hurst repeatedly recognized among Top 100 lawyers in Texas and DFW – Super***
***Lawyers***



The information contained in this communication is confiden ial, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unau horized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

**From:** Charfoos, Aaron <aaroncharfoos@paulhastings.com>
**Sent:** Monday, November 16, 2020 7:51 PM
**To:** Julie Pettit <jpettit@pettitfirm.com>; Charfoos, Aaron <aaroncharfoos@paulhastings.com>
**Cc:** Beverly Congdon <BCongdon@lynnllp.com>; Kantner, Robert W. <rwkantner@jonesday.com>; Moran, Kirsten E. <kmoran@jonesday.com>; Bittle, Nicholas T. <ntbittle@jonesday.com>; Michael K. Hurst <MHurst@lynnllp.com>; Sara Chelette <Schelette@lynnllp.com>; Yaman Desai <YDesai@lynnllp.com>; Patricia Perkins <pperkins@pettitfirm.com>; Bishop, Hunter <hunterbishop@paulhastings.com>; Dragon, Arielle J. <arielledragon@paulhastings.com>; Marshall, Mindy <mindymarshall@paulhastings.com>; Michels, John J. <johnmichels@paulhastings.com>; Reich, Adam M. <adamreich@paulhastings.com>
**Subject:** RE: Case 3:19-cv-01848-E; US Medical Networks LLC v. BioFire Diagnostics LLC et al

Michael and Julie,

        Tomorrow's deposition of Richard Noel will be USMN's eleventh deposition and USMN has also moved to take a twelfth deposition of McKesson.  First, we propose that the depositions of each side's experts will not count toward Rule 30's 10 deposition limit. Second, BioFire has not decided whether it will want to take in excess of 10 depositions. However, BioFire agrees to stipulate to taking of the deposition of Mr. Noel on the basis that it is over the 10 deposition limit if USMN agrees that BioFire may take up to eleven depositions as well.  If the Court grants USMN's request to take the deposition of McKesson, BioFire proposes that the parties discuss a twelfth deposition at that time.

Very truly yours,
Aaron

**From:** Julie Pettit <jpettit@pettitfirm.com>
**Sent:** Friday, November 13, 2020 9:23 AM
**To:** Charfoos, Aaron <aaroncharfoos@paulhastings.com>
**Cc:** Beverly Congdon <BCongdon@lynnllp.com>; Kantner, Robert W. <rwkantner@jonesday.com>;

Moran, Kirsten E. <kmoran@jonesday.com>; Bittle, Nicholas T. <ntbittle@jonesday.com>; Michael K. Hurst <MHurst@lynnllp.com>; Sara Chelette <Schelette@lynnllp.com>; Yaman Desai <YDesai@lynnllp.com>; Patricia Perkins <pperkins@pettitfirm.com>; Bishop, Hunter <hunterbishop@paulhastings.com>; Dragon, Arielle J. <arielledragon@paulhastings.com>; Marshall, Mindy <mindymarshall@paulhastings.com>; Michels, John J. <johnmichels@paulhastings.com>; Reich, Adam M. <adamreich@paulhastings.com>

**Subject:** [EXT] Re: Case 3:19-cv-01848-E; US Medical Networks LLC v. BioFire Diagnostics LLC et al

Hi Aaron,

Sounds good.  We are fine with a remote depo starting at noon.

Best Regards,

Julie Pettit
The Pettit Law Firm
2101 Cedar Springs, Suite 1540
Dallas, Texas 75201
Direct: 214-329-1846
Fax: 214-329-4076
jpettit@pettitfirm.com



On Fri, Nov 13, 2020 at 8:25 AM Charfoos, Aaron <aaroncharfoos@paulhastings.com> wrote:

> Counsel,
>
>     We have sent two separate communications to you related to Mr. Noel's deposition, one on October 20 and one on November 10.  However, we have received no response so far so I am sending them again.  Please note that:
>
> 1.  Mr. Noel will be appearing virtually, not in person.
>
> 2.  Mr. Noel cannot start the deposition until 12 central.
>
> Please confirm you have received this message.  I will forward along the instructions to log into the virtual deposition when I receive them.
>
> Very truly yours,
> Aaron
>
> ---
>
> **From:** Beverly Congdon <BCongdon@lynnllp.com>
> **Sent:** Tuesday, October 20, 2020 2:08 PM
> **To:** Kantner, Robert W. <rwkantner@jonesday.com>; Charfoos, Aaron <aaroncharfoos@paulhastings.com>; Moran, Kirsten E. <kmoran@jonesday.com>; Bittle,

Nicholas T. <ntbittle@jonesday.com>
**Cc:** Michael K. Hurst <MHurst@lynnllp.com>; Sara Chelette <Schelette@lynnllp.com>;
Yaman Desai <YDesai@lynnllp.com>; Patricia Perkins <pperkins@pettitfirm.com>; Julie
Pettit <jpettit@pettitfirm.com>; Beverly Congdon <BCongdon@lynnllp.com>
**Subject:** [EXT] Case 3:19-cv-01848-E; US Medical Networks LLC v. BioFire Diagnostics
LLC et al

Please see attached.


**BEVERLY CONGDON**, Paralegal
**Lynn Pinker Hurst & Schwegmann**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
lynnllp.com

Direct    214 292 3636
**bcongdon@lynnllp.com**

The informa ion contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.
*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

Confidential Information Subject to Protective Order

Biofire_0012416

Confidential Information Subject to Protective Order Biofire_0012417

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **US MEDICAL NETWORKS LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civ. Action No. 3:19-cv-01848-N** |
| **BIOFIRE DIAGNOSTICS LLC** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

---

**<u>DECLARATION OF ROCHELLE GLASSMAN</u>**

STATE OF ARIZONA

COUNTY OF MARICOPA

Rochelle Glassman declares as follows:

1.      My name is Rochelle Glassman. I am over the age of eighteen and am competent in all respects to make this declaration. My date of birth is January 22, 1961. My address is 22715 North 35th Place, Phoenix, Arizona 85050. I am able to swear, and I hereby do swear, that all of the facts stated in this declaration are true and correct and within my personal knowledge.

2.      I am the CEO and President of United Physician Services. I am also the CEO of INetwork Medical Solutions.

3.      Between August 2018 and February 2019, I was the CEO of a company by the name of Med Services, LLC. We entered into a verbal agreement  with BioFire where we sold a program along with BioFire equipment. Myself, along with an individual by the name of Jake Wilhoit, and a third party marketing company placed BioFire equipment across the country. In

January of 2019, I became concerned about a business practice of Med Services, LLC involving some faulty reagents being used on BioFire machines.  When Med Services, LLC did not correct the issue, I voluntarily reported the issue to BioFire on February 13, 2019. On or about February 19, 2019, I was no longer associated Med Services in any way. I was terminated specifically for reporting a potential Medicare fraud situation to Biofire.

4.      During my transition away from Med Services, LLC, I maintained my relationship with Curt Caldwell (director at BioFire), Jim Kathrein (Vice President of Sales at BioFire), Dan Snow (Senior Director of BioFire's Reimbursement and Market Access Group), along with many other employees of BioFire. I stayed in touch with BioFire because I wanted to work with them.

5.      I have been the CEO and President of United Physician Services since 2012. I have also been the CEO of INetwork Medical Solutions since 2017. After I was no longer with Med Services, our company, INetwork Medical Solutions, entered into a partnership with BioFire. My partner, John Jensen, and myself were invited to a meeting at BioFire in Utah to discuss a formal relationship. Mr. Caldwell introduced us to all of his staff that day. We went to lunch with Jim Kathrein, Curt Caldwell and one other gentleman that same day. At that meeting, we presented the program and serves I had put together around the BioFire equipment.

6.      At that time, Mr. Kathrein approved the relationship and a verbal agreement between INetwork Medical Solutions and BioFire. I asked for a written contact with BioFire for the terms we had agreed to.  On or about July 16, 2019, Jim Kathrein told me that they could not enter into a written contract with our company until they settled a potential lawsuit with USMN. However, Jim Kathrein and Curt Caldwell assured me that I had a formal contract with BioFire, but that we needed to wait to put it in writing until after the lawsuit settled, which Mr. Katherein promised to do. As part of the agreement, BioFire approved for their sales representatives and their

medical director to attend our prospective meetings to answer the clinical questions. Based on those representations, we moved forward in our partnership with BioFire.

7.      As part of the partnership, INetwork Medical Solutions sold a four-year management service program around the BioFire FilmArray machines. We performed pre-qualifications to make sure that offices would meet certain criteria before we entered into a contract with a physician's office, home care, and long term care facilities. BioFire never gave us any restrictions on who to sell to, and they never told us they were not interested in selling to long term care facilities.

8.      INetwork Medical Solutions invested significant time, resources, and money into the relationship with BioFire. For example, we hired a marketing company with 200 national sales reps.  We began selling right away and were having huge successes. The sales team at BioFire was highly ineffective.  Curt Caldwell told me that INetwork Medical Solutions sold more in the first 90 days of our partnership than they had sold in an entire year. He also told me they were banking on us to meet their numbers for end of year 2019 and he was confident that we deliver. And we did.

9.      In July 2019, Curt Caldwell informed me about a group by the name of Hansa was a large potential prospect that was interested in the Biofire equipment and recommended that I reach out to them. He did not tell me from where he learned of this company or program. I never did personally reach out to them. My marketing company later began working with Dr. Patel of Hansa.  Dr. Patel passed our prequalification process, so we knew he had enough business to make it a very profitable client for BioFire and our company. We were negotiating with Dr. Patel through the marketing company on a revised contract and financial terms in approximately October and November of 2019. Dr. Patel had told our marketing team that he wanted to move forward, and

we were finalizing terms. I was told by BioFire that if we had obtained the signed contract, it would have been the largest contract in BioFire's history.

10.     During 2019, I was working with Curt Caldwell on a weekly basis. As part of our verbal agreement, we agreed to provide our partner, BioFire, with status updates of potential clients.  We would never have sent such a list of our prospects, but we were partners in this business model that we had created.

11.     Then, suddenly, on or about October 2019, Mr. Caldwell stopped responding to me. I was very confused because I had been communicating with him on such a regular basis.

12.     On or around November of 2019, the relationship between our company and BioFire was terminated. The termination transpired as follows:

    a.  I was driving in my car. It was a Friday night. I received a call from Rachel Jones, the Senior Vice President of Sales and Marketing and Chief Commercial Officer at BioFire and Meredith Krannich the Vice President of Legal Affairs at BioFire. They told me they were terminating the relationship because of the lawsuit with another vendor (who I knew was USMN based on my lunch from the summer of 2019).

    b.  They also told me a corporate decision was made that they were no longer able to work with outside vendors. They told me BioFire did not want any vendor selling programs and services around their equipment, and that they were going to eliminate all outside sales personnel and distributors.

    c.  I was extremely upset. I explained to them that I had signed contracts with third parties and that not only was our company due money from BioFire for these contracts, but also that our company would be liable to the third parties with whom we had signed contracts. Also, our personal reputation was being put at stake.

    d.   During the termination, Rachel Jones and Meredith Krannich requested not only the list of potential clients, but also the contracts we were waiting for BioFire to sign off on. She said I needed to give her all of the contracts, sign a confidentially agreement, and then she would see if she could work with us. I eventually did this in hopes of continuing the relationship.

    e.   Rachel Jones told me that neither Jim Kathrein nor Curt Caldwell had the authority to enter into such an agreement with our company.

13.    After that call, Rachel Jones banned the BioFire staff from talking to me. I learned this from Roland Mayeux, who told me Rachel Jones said this to a group of reps at the national sales meeting. Rachel Jones had agreed with Roland to approve our contracts that were already on her desk, and we had shared that with the clients.  She never signed the contracts, even though she told Roland that she would in front of her entire marketing team.

14.    After that, the prospects started becoming upset with the marketing company because they were not receiving the machines and supplies they needed and that my company had contracted to sell to them.  They questioned my integrity as to what happened. When I was in North Carolina, the BioFire sales representative had my marketing materials to sell BioFire equipment and products.

15.    Due to INetwork Medical Solutions not being able to deliver to our clients as promised the equipment and supplies the marketing company terminated its relationship with our company.

16.    In my experience with Meredith Krannich has been dishonest in her communications with me directly. After INetwork was terminated, Rachel Jones and Meredith Krannich took an unbelievable position: Meredith Krannich said she had already told me we were

not allowed to sell BioFire machines. Ms. Krannich told me she had already told me that—but that was not the truth.  It is nonsensical to think I could not sell the equipment because *they knew* I was still selling BioFire equipment. Further, they had been involved in my sales efforts the entire time. Plus, I have many, many, emails from BioFire that explicitly show that they knew we were selling during the time period, and Ms. Krannich was copied on several of those emails. Ms. Krannich never once responded to say we should stop selling.  Further, BioFire sales representatives had been at almost every sales meeting I went on to sell the BioFire machines. In fact, I spent hours teaching their team how to qualify businesses. And BioFire gave me all of the BioFire sales materials—it would be impossible for me to obtain all of these sales materials if I was not allowed to sell their equipment.

17.     Separately, Curt Caldwell told me BioFire had sent a cease-and-desist letter to Med Services, LLC after I had sent in the disclosure letter of the Medicare fraud.  According to Curt Caldwell, the letter excluded me because BioFire wanted to continue to work me on a go forward basis. Further, despite the alleged letter, I know that as of the summer of 2020, Med Services was still selling BioFire equipment and our program.  I asked, *multiple times*, for Ms. Krannich to send me a copy of the letter but of course, she never did—because I do not believe it was ever sent to begin with.

18.     I had developed a friendship with Curt Caldwell, and we stayed in touch from time to time.  Then, in August or September 2020, Curt Caldwell called me to tell me he was fired by BioFire.  He called me a couple days after he was fired to tell me about his situation. He apologized profusely for not contacting me or responding to my emails and calls to him. According to Mr. Caldwell, BioFire said he was sexually harassing staff members and that he had created a hostile work environment. I know that would not be true because I know that employees would go over

to Mr. Caldwell's house for pool parties, and the employees would not go over to his house for pool parties if he was sexually harassing people. From what I saw, and heard directly from his staff, that they loved working with him and respected him. Mr. Caldwell told me that before he was fired, Ms. Jones banned him from talking to me.  Specifically, he said she came into his office and said that if he ever spoke with me again, he would be fired. According to Mr. Caldwell, Ms. Jones said that BioFire would be monitoring his email to make sure he was not talking to me.

19.     On or about December 23, 2020, I spoke with Curt Caldwell again. He called me to ask why my attorney had not called him about my potential case against BioFire. He said he wanted to talk to my attorney. Mr. Caldwell and I talked about a number of things. He told me he was forced to settle with BioFire because if he sued, the attorneys' fees would be more than he could ever afford.  He told me that BioFire plays dirty and that they are unethical and dishonest.

20.     Curt Caldwell also told me that BioFire wronged me. He said that he begged them not to terminate our relationship because I was not like any other group Biofire has worked with, that I was honest, professional and have an in-depth knowledge of how to sell Biofire's equipment around our program. He knew that we would surpass our sales commitments. Our contracts with the provider groups, urgent cares, home care, and assisted living facilities were signing a four-year contractual commitment. Curt assured me that should we decide to sue BioFire, he would tell the truth about what happened.  He told me I was wronged and that he believed it would be synergistic for me to work on the lawsuit with USMN. He told me that he would testify on our behalf about what happened.

21.     On my call with Mr. Caldwell on December 23, 2020, he suggested I call Terry McBride because, according to Mr. Caldwell, we had the "same case as USMN" and that maybe we could join forces with the USMN lawsuit.  Mr. Caldwell gave me Mr. McBride's phone and I

called Mr. McBride that same day. Mr. Caldwell told me to call Terry McBride anytime because Mr. McBride almost always picks up the phone right away.

22.     Our relationship with BioFire has caused us significant harm.  I believe we have been damaged in over $100 million in sales per year.  The contracts we had sold were based on a four-year contract, with an early termination penalty. Equally upsetting, my personal reputation has been harmed.  The fallout from signing contracts with third parties and then not being able to deliver the product has been devastating to me personally and professionally. As I worked on this project for over a year, I was unable to meet the demands of my consulting business United Physician Services which resulted in me being unable to bring on new clients and business. I therefore have wrapped up my existing clients engagements and have no further work or income.

FURTHER DECLARANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 11th day of January 2021.

*R.C. Glassman*
_____
Rochelle Glassman

Confidential Information Subject to Protective Order **APP 123**

Confidential Information Subject to Protective Order

Biofire_0059215