IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| US MEDICAL NETWORKS, LLC, | § § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Civil Action No. 3:19-cv-01848-E |
| BIOFIRE DIAGNOSTICS, LLC, XPRESSMED URGENT CARE OF CROWLEY, LLC, AND CHECK POINT URGENT CARE, LLC, | | |
| *Defendants*. | | |

**DEFENDANT BIOFIRE DIAGNOSTICS, LLC'S REPLY IN SUPPORT OF MOTION TO CONTINUE TRIAL DATE AND TO OTHERWISE <u>MODIFY SCHEDULING ORDER</u>**

**I.**

**<u>INTRODUCTION</u>**

BioFire Diagnostics, LLC ("BioFire") moved to continue the trial date (now February 22, 2021) and to modify the scheduling order on two grounds: (1) the ongoing COVID-19 pandemic; and (2) the continuing pendency of 23 motions, including three dispositive motions.

In its Response, USMN has failed to refute either of BioFire's grounds for continuance for the following reasons:

1. While both parties have taken some depositions in person during the pandemic, no court personnel and no jurors attended any of the depositions – as would be required for a trial;

2. USMN may still be asserting the same ten causes of action, but USMN is now moving for leave to file its Third Amended Complaint and, more

        importantly, BioFire has moved for summary judgment on <u>eight</u> of USMN's <u>ten</u> causes of action;

3. USMN has moved to dismiss or, alternatively, to require BioFire to replead BioFire counterclaims and, since that motion has not been ruled on, USMN has never answered BioFire's counterclaims;

4. On the ground that discovery closed before the Court ruled on various discovery motions timely filed by BioFire, USMN would have the Court simply deny the motions – that is not justice;

5. USMN ignores BioFire's motion to strike the opinions of USMN's damages experts, USMN's motion to strike the opinions of BioFire's technical expert and USMN's plans to move to strike the opinions of BioFire's damages experts (the briefing schedule for which will extend past the trial date); and

6. With regard to prejudice, USMN ignores the additional attorneys' fees the parties would incur preparing for trial on all claims only to find that some of those claims were dismissed, expert testimony was disallowed and additional discovery was granted.

## II.

## FACTUAL BACKGROUND

In its Response, USMN asserts:

> Nowhere in BioFire's proposed extensions or USMN's acceptance of BioFire's proposed extensions was there any discussion of any party seeking to continue the trial date based on the agreed changes to these deadlines.

(Response, p. 4)

This statement by USMN is <u>false</u>.  In an email to USMN's counsel dated November 20, 2020, BioFire counsel Aaron Charfoos wrote that the fact that one of BioFire's damages experts, Kristopher Buchan, had contracted COVID-19 and therefore needed more time to prepare his Report "has also encouraged us to proactively raise the issue of the trial date with you."  In addition, Mr. Charfoos stated that in light of this COVID-19 pandemic it was not clear that this Court would hold a trial in February.  Finally, Mr. Charfoos stated that the pending motions called the current trial date into question.

USMN counsel responded that he was not personally interested in extending the trial date:  "We have collectively worked too hard and expended too many resources to push off the trial, if we can help it."

### III.

### ARGUMENT

**A.    The Parties' Conduct of Some Depositions in Person is Not Equivalent to a Trial and Should Not Govern the Timing of This Trial.**

With the exception of one deponent, all of the persons the parties have deposed since March 1, 2020 have been current or former employees of or consultants to the parties or expert witnesses for the parties.  Counsel have left it up to the witnesses to decide whether to give their deposition in person or remotely.

USMN argues that BioFire's citation of health and safety concerns in its Motion is inconsistent with – and contrary to – BioFire's approach to obtaining witness testimony over the last year." (Response, p. 5).  What USMN conveniently overlooks is that no court personnel or juror was called upon to attend any of the depositions.

Recent editions of The Dallas Morning News have included the following stories:

    January 13, 2021

> Coronavirus – 30,000 have died in Texas
>
> Dallas County reported a single-day record of 3,549 new coronavirus cases Tuesday, along with 14 additional deaths…
>
> Hospitalizations both in Dallas County and across the state also set new highs…
>
> January 17, 2021
>
> Vaccine vexation runs high
>
> Patchwork approach making many Texans' search for shots fruitless.

The number of cases may be smaller in the other, less-populated counties that make up the Dallas Division but – unfortunately – the trend is the same. USMN does not question that trend.

Rather USMN cites in person depositions as a reason to proceed – but it is highly unlikely that anyone summoned for jury service in this case in February would care that the parties took some depositions in person.

**B.  USMN May Still Be Asserting the Same Ten Causes of Action; but BioFire has Moved For Summary Judgment on Eight of Them.**

USMN asserts that it is still asserting the same nine causes of action it has asserted since it filed its First Amended Complaint on December 13, 2019. (Response, p. 2). Actually, USMN has asserted ten causes of action.

USMN ignores, and asks this Court to ignore, the fact that BioFire has moved for summary judgment on eight of USMN's causes of action. It would not be fair or just to ask the parties to prepare to try this case without knowing what USMN claims are to be tried.

C.  **It is Also Not Known Which of BioFire's Counterclaims Are To Be Tried and USMN Has Never Answered Any of Them.**

On July 7, 2020, BioFire filed five counterclaims: (1) breach of contract; (2) declaratory relief; (3) attorneys' fees; (4) trademark infringement; and (5) false advertising. (Dkt. No. 101).

On July 28, 2020, USMN filed its Motion to Dismiss Defendant BioFire Diagnostics, LLC's Counterclaims, or, in the alternative, Motion for a More Definite Statement. (Dkt. No. 111). USMN's Motion to Dismiss covers three BioFire counterclaims. USMN's alternative Motion for More Definitive Statement covers two of those three BioFire counterclaims. Since the Court has not been able to rule on USMN's motions, USMN has never answered any of BioFire's counterclaims.

D.  **This Court Should Not Ignore BioFire's Pending Discovery Motions**

On the ground that discovery has closed under the Court's Scheduling Order, USMN would have this Court ignore discovery motions BioFire filed well before the discovery cut-off. This would not be justice.

To cite one example, Terry McBride, a partner in USMN, refused to answer questions during his deposition on the ground that he was prohibited from doing so by a Confidentiality Agreement. BioFire asked USMN to produce the Confidentiality Agreement. It turned out that there was no Confidentiality Agreement that applied to McBride. Therefore, on August 10, 2020, BioFire filed a Motion to Compel Deposition Testimony of Terry McBride. (Dkt. No. 119). Mr. McBride should not be allowed to deny giving deposition testimony based on a false claim of confidentiality just because the Court was not able to rule on BioFire's Motion to Compel before the discovery cut-off.

E. **USMN Overlooks Pending Motions to Strike Expert Opinions and USMN's Plan to File More Motions to Strike.**

In a case of this magnitude (USMN seeks approximately $100 million in damages), the admissibility of expert opinions is a very important issue.

BioFire has moved to strike the opinions of both of USMN's damages experts: Rodney Sowards and Michael Pellegrino. (Dkt. Nos. 175 and 178). USMN responded to both motions on January 11, 2021. (Dkt. Nos. 204 and 2011). BioFire's replies are due on January 25, 2021.

On January 15, 2021, USMN moved to strike the opinions of BioFire's technical expert, Dr. Walter Sujansky. (Dkt. No. 221). BioFire's response will be due on February 5, 2021. USMN's reply will be due on February 19, 2021 – the Friday before trial.

USMN has stated that it plans to file motions to strike the opinion of both BioFire's damages experts – Julie Davis and Kristopher Buchan - seven days after their depositions. Mr. Buchan was deposed on January 14, 2021. So USMN plans to file its motion to strike Buchan's opinions by January 21, 2021. BioFire's response would be due on February 11, 2021. USMN's reply would be due on February 25, 2021 – three days after the current trial date.

Finally, BioFire's other damages expert, Julie Davis, is scheduled to be deposed on January 22, 2021. Assuming USMN files its motion to strike on January 29, 2021. BioFire's response would be due February 19, 2021 – the Friday before the current trial date. USMN's reply would be due on March 5, 2021 – eleven days after the trial date.

In view of these pending and planned motions to strike expert opinions, it is not reasonable to expect to try this case on the current trial schedule.

### F. USMN's Claimed Prejudice Does Not Warrant Holding the Current Trial Date

USMN asks this Court to deny BioFire's Motion on the ground that a continuance would prejudice USMN in the form of additional discovery expenses and attorneys' fees. (Response, pp. 5 and 7.)

BioFire is not seeking any discovery it did not file a motion on before the discovery cut-off. Therefore, in fact, USMN is really seeking to profit from the fact that this Court has not been able to rule on those motions.

The parties will have trial expenses regardless of when the trial is held. Moreover, both BioFire and USMN would be prejudiced if the Court tried to resolve all pending motions on the eve of trial, because they would not have reasonable notice of what claims are to be tried, what expert testimony will be allowed and what discovery previously requested will be allowed and little time to take it.

Finally, this Court should decline USMN's invitation to not rule on the pending motions and put this case to trial without doing so. (Response, p. 6). That would not be justice. Declining USMN's invitation to ignore pending motions cannot be lawful prejudice to USMN.

### IV.

### CONCLUSION

For the reasons stated in BioFire's Motion to Continue Trial Date and to Otherwise Modify Scheduling Order and for the reasons stated above, the Court should grant BioFire's Motion.

Dated: January 19, 2021.   Respectfully submitted,

/s/ Robert W. Kantner
Robert W. Kantner
Texas State Bar No. 11093900
rwkantner@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: +1.214.969.3737
Facsimile: +1.214.969.5100

Aaron D. Charfoos (*pro hac vice*)
aaroncharfoos@paulhastings.com
PAUL HASTINGS
71 S. Wacker Drive
Forty-fifth Floor
Chicago, IL 60606
Telephone: +1.312.499.6010

ATTORNEYS FOR DEFENDANT
BIOFIRE DIAGNOSTICS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2021, a true and correct copy of the foregoing instrument was served on the following via ECF:

Julie Pettit
THE PETTIT LAW FIRM
2101 Cedar Springs Road, Suite 1540
Dallas, Texas  75201
jpettit@pettitfirm.com

Michael K. Hurst
Sara Hollan Chelette
LYNN PINKER COX & HURST, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
mhurst@lynnllp.com
schelette@lynnllp.com

***Attorneys for Plaintiff US Medical Networks, LLC***

/s/ Robert W. Kantner
Robert W. Kantner