# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • FACSIMILE: +1.214.969.5100

Direct Number: (214) 969-3737
rwkantner@jonesday.com

February 5, 2021

CM/ECF

The Honorable Ada Brown
United States District Court
Northern District of Texas
Earle Cabell Federal Building
1100 Commerce St., Room 1312
Dallas, TX 75242

      Re:    *US Medical Networks, LLC v. BioFire Diagnostics, LLC*;
              Civil Action No. 3:19-cv-01848-E-BK, US District Court,
              Northern District of Texas, Dallas Division

Dear Judge Brown:

      I provide this letter in response to the letter that Ms. Julie Pettit sent to you earlier today requesting a hearing on pending motions at which young lawyers would present the arguments.

      1.    Plaintiff, without consulting with BioFire or filing a formal motion, asks this Court to lift its January 22, 2021, stay (Docket 227) so that the Parties can proceed with completing briefing and then holding oral argument on nine pending motions. This Court's order was clear that the case was stayed "until the Court rules on the pending motion to dismiss and motions for summary judgment." (Docket 227). Indeed, the Parties were so clear on that ruling that they filed a Joint Motion to ask the Court to permit them to submit Replies to their respective Motions for Summary Judgment. Despite that understanding, USMN's request, submitted under the guise of providing young lawyers with an opportunity to seek courtroom experience, would have the effect of nullifying the entirety of that order.

      2.    USMN's request also seems designed to preclude BioFire from choosing who will argue the various motions. With respect, Ms. Pettit does not qualify as a young lawyer. Under Chief Judge Lynn's guidelines, a young lawyer is a lawyer who has practiced for less than seven years. Ms. Pettit graduated from law school in 2008. More significantly, Ms. Pettit has served as co-lead counsel with Mr. Hurst. Therefore, if Ms. Pettit is going to be allowed to argue motions at a hearing, BioFire must request that its co-lead counsel (myself and Mr. Charfoos) be allowed to argue.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

The Honorable Ada Brown
February 5, 2021
Page 2

      3.     As Chief Judge Lynn recognizes, there are some motions on which it may be inappropriate to have young lawyers present arguments. In particular, Judge Lynn cites dispositive motions. I note that Ms. Pettit asks that young lawyers be allowed to present arguments on Plaintiff's Motion for Partial Summary Judgment. BioFire objects thereto. Moreover, BioFire feels the same way about Ms. Pettit's request that young lawyers argue Plaintiff's Motion for Preliminary Injunction.

      4.     Judge Lynn has also acknowledged that in some cases a young lawyer may not have been involved in the preparation of a motion or response. In the case of some motions listed by Ms. Pettit, BioFire's current team does not include a young lawyer who worked on the motion or response.

      5.     I note that briefing is not complete on some of the motions listed by Ms. Pettit. (Dkt. Nos. 196, 214, 216 and 221.)

      6.     Finally, I note that Ms. Pettit has listed a large number of Plaintiff's pending motions, but none of BioFire's motions. BioFire respectfully submits that the Court consider whether oral argument is needed on any of the pending motions filed by either side and so advise the parties.

Very truly yours,

*/s/ Robert W. Kantner*

Robert W. Kantner

NAI-1516193601v1