IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| US MEDICAL NETWORKS LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civ. Action No. 3:19-cv-01848-E |
| BIOFIRE DIAGNOSTICS LLC, XPRESSMED URGENT CARE OF CROWLEY, LLC, AND CHECK POINT URGENT CARE, LLC, | § § § § § § | |
| *Defendants.* | § | |

**PLAINTIFF US MEDICAL NETWORKS LLC'S ANSWER TO BIOFIRE DIAGNOSTICS, LLC'S COUNTERCLAIMS**

Comes Now, US Medical Network LLC ("USMN" or "Plaintiff"), Plaintiff herein, and files this answer to BioFire Diagnostic, LLC's ("BioFire" or "Defendant") Counterclaims.

**Admissions & Denials**

**I.    Preliminary Statement.**

None of the allegations contained in Defendant's Counterclaims are numbered and they do not appear to be Defendant's operative factual or legal allegations supporting its counterclaims. Hence, an admission or denial is not required to those allegations. To the extent an admission or denial is required, Plaintiff denies those allegations.

**II.   Parties.**

1.    Plaintiff lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 1.

2.    Plaintiff admits the allegations in paragraph 2.

### III. Jurisdiction & Venue

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits the allegations in paragraph 3.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits the allegations in paragraph 4.

5. Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits the allegations in paragraph 5.

### IV. Factual Background.

6. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of each and every allegation in paragraph 6, and denies them on that basis.

7. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of each and every allegation in paragraph 7, and denies them on that basis.

8. Plaintiff admits that "Each Instrument receives, analyzes, and stores data, including test results data, and uses software that BioFire developed and owns or to which BioFire has a license to use as part of the BioFire® FilmArray® System." Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8, and denies all other allegations in paragraph 8 on that basis.

9. Plaintiff admits the allegations in paragraph 9.

10. Plaintiff admits the allegations in paragraph 10.

11. Plaintiff admits that "BioFire has also developed a variety of solutions ("BioFire Solutions") that work in conjunction with BioFire's Products to support healthcare providers in their testing, diagnosis, and treatment of various illnesses. Plaintiff denies all other allegations in paragraph 11.

12. Plaintiff admits the allegations in paragraph 12 regarding USMN's allegations and the services USMN provided. USMN denies the remaining allegations in paragraph 12.

**A.    The May 15, 2018 Laboratory Services Provider Agreement.**

13. Plaintiff lacks sufficient knowledge or information to form a belief as to the first sentence in paragraph 13, and denies it on that basis. Plaintiff admits the allegation in the second sentence of paragraph 13. Plaintiff denies all other allegations in paragraph 13.

14. Plaintiff admits the allegations in paragraph 14.

15. Plaintiff admits the allegations in paragraph 15.

16. The allegations in paragraph 16 state a legal conclusion to which no response is required. To the extent a response is required, the allegations refer to the LSP Agreement, which speaks for itself. Plaintiff respectfully refers the Court to that agreement for its complete and accurate contents.

17. The allegations in paragraph 17 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the LSP Agreement, but that agreement ultimately speaks for itself.

18. The allegations in paragraph 18 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the LSP Agreement, but that agreement ultimately speaks for itself.

19. The allegations in paragraph 19 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the LSP Agreement, but that agreement ultimately speaks for itself.

20. Plaintiff denies the allegations in paragraph 20.

21. The allegations in paragraph 21 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the LSP Agreement, but that agreement ultimately speaks for itself.

22. The allegations in paragraph 22 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the LSP Agreement, but that agreement ultimately speaks for itself.

23. The allegations in paragraph 23 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the LSP Agreement, but that agreement ultimately speaks for itself.

**B.    USMN Used BioFire's Own Software To Try To Enable Communication with USMN Servers.**

24. The allegation that "Under the LSP Agreement, BioFire authorized the placement of two types of BioFire Instruments: the BioFire® FilmArray® Torch (a scalable device) and the BioFire® FilmArray® EZ Configuration (a device intended for use with BioFire's Respiratory EZ Panel)" is a legal conclusion to which an admission or denial is not required. Plaintiff is without sufficient knowledge to admit or deny the remaining allegations in paragraph 24.

25. Plaintiff denies the allegations in paragraph 25.

26. Plaintiff denies the allegations in paragraph 26.

27. The allegations in paragraph 27 are legal conclusions, argument, and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are

the duties and obligations of the parties under the LSP Agreement, but that agreement ultimately speaks for itself.

      28.    Plaintiff denies the allegations in paragraph 28.

**C.    The First Amendment To Laboratory Services Provider Agreement.**

      29.    Plaintiff denies the allegations in paragraph 29.

      30.    Plaintiff admits that "During the fall of 2018, BioFire and USMN engaged in discussions about amending the LSP Agreement," but otherwise denies the remainder of that allegation and all other allegations in paragraph 30.

      31.    The allegations in paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, the allegations refer to the First Amended LSP Agreement, which speaks for itself. Plaintiff respectfully refers the Court to that agreement for its complete and accurate contents.

      32.    The allegations in paragraph 32 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the First Amended LSP Agreement, but that agreement ultimately speaks for itself.

      33.    The allegations in paragraph 33 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the First Amended LSP Agreement, but that agreement ultimately speaks for itself.

      34.    Plaintiff denies the allegations in paragraph 34.

      35.    The allegations in paragraph 35 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the First Amended LSP Agreement, but that agreement

ultimately speaks for itself.

36. The allegations in paragraph 36 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the First Amended LSP Agreement, but that agreement ultimately speaks for itself.

37. The allegations in paragraph 37 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the First Amended LSP Agreement, but that agreement ultimately speaks for itself.

38. The allegations in paragraph 38 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the First Amended LSP Agreement, but that agreement ultimately speaks for itself.

39. The allegations in paragraph 39 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the First Amended LSP Agreement, but that agreement ultimately speaks for itself.

40. The allegations in paragraph 40 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the First Amended LSP Agreement, but that agreement ultimately speaks for itself.

**D.     USMN Fails To Pay Its Overdue Invoices.**

41. Plaintiff denies the allegations in paragraph 41.

42. Plaintiff denies the allegations in paragraph 42.

E.  **USMN Misrepresents Its Dealings With XpressMed And Check Point.**

43.  Plaintiff admits that it had discussions with the common owners of two point-of-care medical companies, XpressMed Urgent Care of Crowley, LLC and Check Point Urgent Care, LLC. Plaintiff otherwise denies the remaining allegations in paragraph 43.

44.  Plaintiff lacks sufficient knowledge or information to form a belief regarding the allegations in the first sentence in paragraph 44, and denies them on that basis. Plaintiff denies the remaining allegations in paragraph 44.

45.  Plaintiff denies the allegations in paragraph 45.

46.  Plaintiff denies the allegations in paragraph 46.

47.  Plaintiff denies the allegations in paragraph 47.

48.  Plaintiff denies the allegations in paragraph 48.

49.  Plaintiff admits that "[o]n April 5, 2019, a BioFire employee reached out to USMN, requesting that USMN send to BioFire any agreements that USMN had entered into with XpressMed and Check Point[.]" The remaining allegations in paragraph 49 are denied.

50.  Plaintiff admits that on or around April 8, 2019, Plaintiff learned that Defendant had been in contact with XpressMed and Check Point. The remaining allegations in paragraph 50 are denied.

51.  Plaintiff denies the allegations in paragraph 51.

F.  **BioFire Terminated The First Amended LSP Agreement Because USMN Failed To Pay Its Past-Due Invoices.**

52.  Plaintiff admits that it engaged in negotiations with Defendant in the spring of 2019. The remaining allegations in paragraph 52 are denied.

53.  Plaintiff admits that, in May 2019, BioFire employees met with the CEO of USMN, Jarrod Pettit. The remaining allegations in paragraph 53 are denied.

54. The allegations in paragraph 54 constitute a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations in paragraph 54.

55. Plaintiff denies the allegations in paragraph 55.

56. Plaintiff denies the allegations in paragraph 56.

57. The allegations in paragraph 57 constitute a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations in paragraph 57.

**G.   USMN Refuses to Comply With Winding Down The Relationship.**

58. Plaintiff admits that "On June 22, 2019, BioFire told USMN that BioFire would like to discuss with USMN the unwinding of the parties' relationship[.]" All other allegations in paragraph 58 are denied.

59. The allegations in paragraph 69 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 59 are denied.

60. Plaintiff denies the allegations in paragraph 60.

61. Plaintiff admits the allegations in paragraph 61.

62. Plaintiff denies the allegations in paragraph 62.

63. Plaintiff denies the allegations in paragraph 63.

64. Plaintiff admits that Defendant sent Plaintiff a letter on September 25, 2019. All other allegations in paragraph 64 are denied.

65. Plaintiff denies the allegations in paragraph 65.

66. Plaintiff denies the allegations in paragraph 66.

67. Plaintiff denies the allegations in paragraph 67.

**V.   Causes of Action.**

**Count One**
**Breach of Contract**

68. Plaintiff incorporates by reference the answers to each of the allegations in paragraphs 1-67 as if fully set forth herein.

69. The allegations in paragraph 69 constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits the allegations in paragraph 69.

70. The allegations in paragraph 70 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the First Amended LSP Agreement, but that agreement ultimately speaks for itself.

71. Plaintiff denies the allegations in paragraph 71.

72. Plaintiff denies the allegations in paragraph 72.

73. Plaintiff denies the allegations in paragraph 73.

74. Plaintiff denies the allegations in paragraph 74.

75. The allegations in paragraph 75 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the First Amended LSP Agreement, but that agreement ultimately speaks for itself.

76. Plaintiff denies the allegations in paragraph 76.

77. Plaintiff denies the allegations in paragraph 77.

78. The allegations in paragraph 78 are a mixture of argument, allegations of law and legal conclusions to which an admission or denial is not required.

**Count Two**
**Declaratory Relief**

79. Plaintiff incorporates by reference the answers to each of the allegations in paragraphs 1-67 as if fully set forth herein.

80. The allegations in paragraph 80 are a mixture of argument, allegations of law and legal conclusions to which an admission or denial is not required.

81. The allegations in paragraph 81 are a mixture of argument, allegations of law and legal conclusions to which an admission or denial is not required.

82. The allegations in paragraph 82 are a mixture of argument, allegations of law and legal conclusions to which an admission or denial is not required.

## Count Three
### Recovery of Attorneys' Fees, Costs, and Expenses Incurred in Defendant Against USMN's Claim for Breach of Contract

83. Plaintiff incorporates by reference the answers to each of the allegations in paragraphs 1-67 as if fully set forth herein.

84. The allegations in paragraph 84 are legal conclusions and opinion to which an admission or denial is not required. Specifically, Defendant describes what it contends are the duties and obligations of the parties under the First Amended LSP Agreement, but that agreement ultimately speaks for itself.

85. Plaintiff denies the allegations in paragraph 85.

86. Plaintiff denies the allegations in paragraph 86.

## Count Four
### Trademark Infringement in Violation of the Federal Lanham Act

87. Plaintiff incorporates by reference the answers to each of the allegations in paragraphs 1-67 as if fully set forth herein.

88. Plaintiff denies the allegations in paragraph 88.

89. Plaintiff denies the allegations in paragraph 89.

90. Plaintiff denies the allegations in paragraph 90.

91. Plaintiff denies the allegations in paragraph 91.

92. Plaintiff denies the allegations in paragraph 92.

93. Plaintiff denies the allegations in paragraph 93.

94. Plaintiff denies the allegations in paragraph 94.

95. Plaintiff denies the allegations in paragraph 95.

### Count Five
### False Advertising in Violation of the Federal Lanham Act

96. Plaintiff incorporates by reference the answers to each of the allegations in paragraphs 1-67 as if fully set forth herein.

97. Plaintiff denies the allegations in paragraph 97.

98. Plaintiff denies the allegations in paragraph 98.

99. Plaintiff denies the allegations in paragraph 99.

### **Affirmative Defenses**

1. Defendant's counterclaims are barred, in whole or in part, because of its prior material breach of contract.

2. Defendant's counterclaims are barred, in whole or in part, by the doctrine of off-set and/or set-off. Specifically, Plaintiff has sought affirmative relief in this lawsuit and to the extent such relief is granted, any amounts which it may be liable to Defendant for by way of Defendant's counterclaims should be reduced by any award or judgment in favor of Plaintiff.

3. Defendant's counterclaims are barred, in whole or in part, by the doctrine of waiver.

4. Defendant's counterclaims are barred, in whole or in part, by the doctrine of laches.

5. Defendant's counterclaims are barred, in whole or in part, based on the doctrine of unclean hands as a result of Defendant's own wrongful conduct.

6. Defendant's counterclaims are barred, in whole or in part, by estoppel, inclusive of equitable and quasi-estoppel.

7. Defendant's counterclaims are barred, in whole or in part, by Defendant's failure to mitigate its damages.

8. Defendant's counterclaims are barred, in whole or in part, because Defendant lacks damages and injury in fact.

9. Defendant's counterclaims are barred, in whole or in part, by Defendant's own fraud.

10. Defendant's counterclaim for breach of contract is barred because the First Amended LSP Agreement is ambiguous.

## Prayer

Wherefore US Medical Networks, LLC prays that the Court enter a judgment against Defendant and in favor of Plaintiff on each of the counterclaims alleged by the Defendant and award such attorneys' fees and other costs as the Court may deem Plaintiff entitled.

Dated: October 8, 2021:

                                      Respectfully submitted,

                                      */s/ Julie Pettit*
                                      Julie Pettit
                                      State Bar No. 24065971
                                      jpettit@pettitfirm.com
                                      **THE PETTIT LAW FIRM**
                                      2101 Cedar Springs, Suite 1540
                                      Dallas, Texas 75201
                                      Telephone: (214) 329-0151
                                      Facsimile: (214) 329-4076

                                      Michael K. Hurst
                                      State Bar No. 10316310
                                      mhurst@lynnllp.com
                                      Sara Hollan Chelette
                                      State Bar No. 24046091
                                      schelette@lynnllp.com
                                      Yaman Desai
                                      State Bar No. 24101695
                                      ydesai@lynnllp.com
                                      **LYNN PINKER HURST &**
                                      **SCHWEGMANN, LLP**
                                      2100 Ross Avenue, Suite 2700
                                      Dallas, Texas 75201
                                      Telephone: (214) 981-3800
                                      Facsimile: (214) 981-3839

                                      Robert M. Manley
                                      State Bar No. 00787955
                                      rmanley@mckoolsmith.com
                                      McKool Smith
                                      300 Crescent Court, Suite 1500
                                      Dallas, Texas 75201

                                      **ATTORNEYS FOR PLAINTIFF**
                                      **US MEDICAL NETWORKS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on the following *via ECF* pursuant to the Federal Rules of Civil Procedure on October 8, 2021:

Robert W. Kantner
GLAST, PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, Texas 75254
rkanter@gpm-law.com
ATTORNEYS FOR DEFENDANT
BIOFIRE DIAGNOSTICS, LLC

Aaron D. Charfoos
PAUL HASTINGS
71 S. Wacker Dr.
44th Floor
Chicago, IL 60606
(312) 499-6016
aaroncharfoos@paulhastings.com
ATTORNEYS FOR DEFENDANT
BIOFIRE DIAGNOSTICS, LLC

*/s/ Julie Pettit*
Julie Pettit